James E. SHIPLEY and Patricia B. Shipley, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 77-1932.

United States Court of Appeals, Ninth Circuit.

Dec. 30, 1977.

Rehearing Denied Jan. 24, 1978.

Before HUFSTEDLER, SNEED, and KENNEDY, Circuit Judges.

PER CURIAM:

This is an appeal from the dismissal of taxpayers' petition for redetermination of their tax liability. The tax court dismissed the petition for lack of jurisdiction, holding that the petitioner had not met the jurisdictional requirement of a timely filing. The court's basis for its holding was that the petition had been postmarked after the ninety-day statutory period, and that, though petitioners claimed that they had sent the petition by certified mail, no postmarked sender's receipt had been introduced in evidence. We affirm the dismissal.

On December 30, 1975 the Commissioner notified the taxpayers that they were liable for a tax deficiency. Ninety days later, on March 29, 1976, the taxpayers took their petition for redetermination to a notary public to have it verified. On Mr. Shipley's instructions the notary prepared a mailing envelope properly addressed to the tax court to be sent by certified mail. The notary instructed her assistant to deliver the envelope and enclosed petition to the post office prior to 5:00 p. m. The assistant did mail the petition but was later uncertain as to whether she received a postmarked certified mail receipt from the postal employee. The assistant's normal routine was to place certified mail receipts in a

file at the notary's office, but the taxpayers were unable to produce the receipt.

For whatever reason, the envelope containing the petition was postmarked March 30, 1976, one day after the ninety-day statutory period, and was received by the tax court on April 2, 1976. The Commissioner filed a motion to dismiss the petition for lack of jurisdiction, and in response the taxpayers offered affidavits of the notary and her assistant describing their respective roles in mailing the petition. The tax court held that the postmark on the envelope in which the petition was mailed was controlling as to date of filing, and that the proffered affidavits and testimony as to matters contained therein were therefore irrelevant and inadmissible. The court dismissed the petition without prejudice to the taxpayers' right to move within thirty days to reopen the evidence for the purpose of offering a certified mail receipt bearing a March 29, 1976 postmark date. No motion to reopen was filed, and this appeal followed.

 A taxpayer may petition for a redetermination of a tax deficiency within ninety days after a deficiency notice has been mailed to him by the Commissioner.[1] Timely filing of the petition is jurisdiction-al. *Healy v. Commissioner,* 351 F.2d 602 (9th Cir. 1965); *Block v. Commissioner,* 254 F.2d 277 (9th Cir.) *appeal dismissed,* 358 U.S. 30, 79 S.Ct. 9, 3 L.Ed.2d 48 (1958); *Jorgensen v. Commissioner,* 246 F.2d 536 (9th Cir. 1957). Section 7502 of the Internal Revenue Code eases the burden of the filing limitation by defining situations in which timely mailing will satisfy the timely filing requirement. If an envelope containing the petition shows a United States Post Office postmark date which falls within the time allowed for filing, the petition is deemed to have been timely filed.[2] That section also expressly delegates authority to the Secretary of the Treasury to make regulations prescribing the extent to which a certified mailing will substitute for a postmark date. I.R.C. § 7502(c)(2). The treasury regulations enacted on that subject provide:

> If the document is sent by U.S. certified mail and the sender's receipt is postmarked by the postal employee to whom such document is presented, the date of the U.S. postmark on such receipt shall be treated as the postmark date of the document. Accordingly, the risk that the document will not be postmarked on the day that it is deposited in the mail may be

---

1. Section 6213 of the Internal Revenue Code provides:

 Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.

 . . .

 I.R.C. § 6213(a).

2. The relevant portions of section 7502 are as follows:

 (a) *General rule.—*
 (1) Date of delivery.—If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.

 (2) Mailing requirements.—The subsection shall apply only if—
 (A) the postmark date falls within the prescribed period or on or before the prescribed date—
 (i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or
 (ii) for making the payment (including any extension granted for making such payment), and
 (B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made. I.R.C. § 7502(a).

overcome by the use of . . . certified mail.

Treas.Reg. § 301.7502–1(c)(2) (1977).

Both parties in this case agree that the taxpayers cannot successfully take advantage of the section 7502 exception to the timely filing requirement on the basis of the March 30 postmark on the envelope of the petition. Taxpayers argue, however, that they should be allowed to show that they sent the petition by certified mail and that the postmark date on the receipt was within the time allowed for filing the petition. We hold that since the postmarked receipt itself has not been introduced into evidence the taxpayers are foreclosed from introducing secondary evidence of the existence of the receipt and of the date stamped thereon.[3]

The scheme of the statute and implementing regulations is designed to avoid testimony as to date of mailing in favor of tangible evidence in the form of an official government notation. When a legible postmark appears on an envelope no evidence that the petition was mailed on some other day will be allowed. *Drake v. Commissioner,* 554 F.2d 736 (5th Cir. 1977); *Bloch v. Commissioner,* 254 F.2d 277 (9th Cir.), *appeal dismissed,* 358 U.S. 30, 79 S.Ct. 9, 3 L.Ed.2d 48 (1958); *cf. Skolski v. Commissioner,* 351 F.2d 485, 488 (3d Cir. 1965) (allowing evidence other than that on the face of the postmark where the postmark was illegible but distinguishing cases where no postmark at all had been produced). When the statute does allow the date of mailing to be shown by evidence other than tangible evidence of a mark made by the post office, the regulations require a showing by way of facts beyond the taxpayer's control which

independently corroborate the date of mailing.[4]

The statute as implemented places emphasis on the reliability of an official post office certification as evidence of timely mailing. We will not create an additional substitute for timely filing by allowing secondary evidence to be offered in lieu of the tangible evidence of official third-party certification favored by Congress and the Secretary.

Section 7502 was intended to correct hardships "occasioned by the failure of the United States mails to function normally." *Bloch v. Commissioner,* 254 F.2d 277, 279 (9th Cir.), *appeal dismissed,* 358 U.S. 30, 79 S.Ct. 9, 3 L.Ed.2d 48 (1958). The treasury regulation applicable to certified mailing of petitions expressly seeks to eliminate "the risk that the document will not be postmarked on the day that it is deposited in the mail. . . ." Treas.Reg. § 301.-7502–1(c)(2) (1977). The statute and regulations are concerned with risks created by an insistence that the postal service be used as a validating authority, not with risks independently created by a taxpayer's choice of agents to handle his petition before it is entrusted to post office employees. *See Bloch v. Commissioner, supra* (prisoner's petition for redetermination entrusted to a prison official who did not mail it until after the statutory period; date of postmark not permitted to be contradicted).

The decision of the tax court is AFFIRMED.

---

**3.** We note that in *Wood v. Commissioner,* 338 F.2d 602, 605 (9th Cir. 1964), this court expressly reserved the question of whether secondary evidence of the postmark date on a certification receipt can be offered without introducing the receipt.

**4.** Subsection 7502(b) and implementing regulations state that when a private postage meter has been used to postmark the envelope, the envelope must be delivered within the normal time for postal delivery. Absent this independent corroboration by timely delivery, the taxpayer may then offer evidence of when the envelope was actually mailed, but that evidence must be coupled with proof of the reason for the delay in the mails, a showing which "places an almost impossible burden upon the taxpayer." *Lindemood v. Commissioner,* 566 F.2d 646, 649 (9th Cir. 1977); *see* I.R.C. § 7502 (b); Treas.Reg. § 301.7502–1(c)(1)(iii)(b) (1977).