WILLIAM M. WIESE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 11614–77.    Filed August 17, 1978.

*Jerry D. Sparks,* for the petitioner.
*Steven S. Brown,* for the respondent.

OPINION

WILES, *Judge:* This matter is before the Court on respondent's "Motion to Dismiss for Lack of Jurisdiction" filed December 22, 1977. Respondent contends that the petition herein was not filed within the period prescribed by section 6213(a).[1]

Respondent determined income tax deficiencies of $3,648 and $1,152 for 1972 and 1973, respectively, and additions to tax under section 6651(a) in the amounts of $36 and $145 for those same years. Respondent mailed a statutory notice of deficiency to petitioner by certified mail on August 19, 1977. On Tuesday, November 22, 1977, 95 days after the notice of deficiency was mailed to petitioner, this Court received the petition herein. It was filed that day. The envelope in which the petition was enclosed was mailed from Evanston, Ill., and postmarked by a private postage meter. The postmark bore the date of November 18, 1977, a Friday, 91 days after the deficiency notice was mailed. There were no other postal markings on the envelope.

Section 6213(a) provides that a taxpayer in the United States may file a petition with the Tax Court for a redetermination of a deficiency within 90 days after mailing a deficiency notice to such taxpayer at his last known address. If a petition is received within the 90-day period, the petition is deemed filed on the date it is received. If, on the other hand, a petition is received more than 90 days after the mailing of the deficiency notice, the petition is considered filed when mailed if the requirements of section 7502 are satisfied.

Under section 7502(a), if the envelope containing the petition

---

[1] Statutory references are to the Internal Revenue Code of 1954, as amended.

bears a postmark made by the United States Postal Service (hereinafter Postal Service), if the date of such postmark falls within the 90-day statutory period, and if the other requirements of section 7502 are satisfied, then the petition will be deemed timely filed, notwithstanding untimely receipt. Since mail can be predated when the postmark is made by a private postage meter, however, section 7502(b) authorizes the Secretary to prescribe regulations for determining if and to what extent the timely mailing rule of section 7502(a) will be applied to non-Postal Service postmarks. *Lindemood v. Commissioner*, 566 F.2d 646, 649 (9th Cir. 1977), affg. a Memorandum Opinion of this Court; *Stotter v. Commissioner*, 69 T.C. 896, 897 (1978). Pursuant to such authority, section 301.7502–1(c)(1)(iii)(*b*), Proced. & Admin. Regs., provides, as here applicable, that privately metered mail qualifies for the timely mailing rule of section 7502(a) if the postmark bears a timely date.[2] *Fishman v. Commissioner*, 51 T.C. 869, 870 (1969), affd. per curiam 420 F.2d 491 (2d Cir. 1970).

Petitioner argues that, pursuant to the regulations under section 7502, his petition should be deemed filed on Thursday, November 17, 1977, the 90th day after the mailing of the notice of deficiency, even though the envelope containing his petition bore a clear private postage meter postmark of November 18, 1977, the 91st day after the mailing of the notice of deficiency. In support of his position, petitioner argues that he should be allowed to present extrinsic evidence to prove the envelope was actually postmarked on November 17; that on that date the private postage meter was erroneously set to read November 18; and that the petition was deposited in the United States mails on November 17. Respondent argues that when the postmark is legible, no extrinsic evidence should be admitted to contradict it. We agree with respondent.

We first note that petitioner does not cite, and we are unable

---

[2]The relevant portions of sec. 301.7502–1(c)(1)(iii)(*b*), Proced. & Admin. Regs., are as follows:

(*b*) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made *must bear a date on or before* the last date, or *the last day of the period, prescribed for filing the document*, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. [Emphasis added.]

to find, any support for his position. The general scheme of section 7502 and implementing regulations is designed to avoid testimony as to date of mailing in favor of tangible evidence in the form of an official Government notation. As such, when a legible Postal Service postmark appears on an envelope, no evidence that the petition was mailed on some other day will be allowed. *Shipley v. Commissioner*, 572 F.2d 212, 214 (9th Cir. 1977), affg. a Memorandum Opinion of this Court; *Sylvan v. Commissioner*, 65 T.C. 548, 552 (1975); sec. 301.7502–1(c)(1)(iii)(*a*), Proced. & Admin. Regs.

Where non-Postal Service postmarks are used, the statute does permit extrinsic evidence other than the tangible evidence of the postmark. In such cases, the regulations require the timely private postage meter postmark date to be independently corroborated by facts beyond the taxpayer's control. Sec. 301.7502–1(c)(1)(iii)(*b*), Proced. & Admin. Regs. Obviously, such independent corroboration is necessary to counter the potential ability of the user of a private postage meter to abuse the relief measures of section 7502 by predating his mail. *Lindemood v. Commissioner, supra*. But the statute and regulations clearly contemplate presentation of such extrinsic evidence *only* when the private postage meter postmark reflects a date on or before the 90th day after mailing the notice of deficiency.

As noted, section 7502 reflects a relief measure designed to lessen the hardship caused by the 90-day statutory period chosen by Congress. But it is not without its limits. Our review of the statute and regulations convinces us that the threshold prerequisite to the application of the relief measure is a timely postmark, however made. Since petitioner fails to satisfy this basic requirement, he is not entitled to relief by attempting to present evidence to contradict the legible postmark date. See and compare *Estate of Moffat v. Commissioner*, 46 T.C. 499, 501–502 (1966).

Finally, we believe our position maintains the obvious parity sought by Congress between private postage meter and Postal Service postmarks—that both be made on or before the 90th day. We noted that where a legible Postal Service postmark reflected a date after the 90th day, no evidence could be presented to contradict it. We see no reason why a taxpayer who has independent control over his postmark should fare any better, especially when the regulations require both postmarks

to be made on or before the 90th day. Thus, we hold that petitioner may not present any extrinsic evidence to contradict a legible private postage meter postmark reflecting a date after the 90th day.

Accordingly, respondent's motion is granted and

> *An appropriate order of dismissal will be entered.*