SAMUEL M. AND SHARON A. PLAUT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Plaut v. Commissioner
Docket No. 24265-83.
United States Tax Court
T.C. Memo 1984-355; 1984 Tax Ct. Memo LEXIS 309; 48 T.C.M. (CCH) 493; T.C.M. (RIA) 84355; July 16, 1984. *309 Held,Postal Service Form 3877, Acceptance of Registered, Insured, C.O.D. and Certified Mail, introduced by respondent which indicates that a statutory notice was mailed by respondent to petitioner and the date thereof, is sufficient, in light of the absence of any contradictory evidence, to prove conclusively that such notice was mailed on the date specified therein. Held further, private meter postmark is disregarded in favor of the postmark made by the United States Postal Service. Thus, respondent's Motion to Dismiss for Lack of Jurisdiction is granted since petition was mailed on the 92nd day following the mailing of the notice of deficiency. Rebecca H. Fischer and Emanuel Barling, Jr., for the petitioners. Mark S. Priver, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: By notice of deficiency dated May 16, 1983, respondent determined the following deficiency in, and additions to, petitioners' Federal income tax for the taxable year 1979: Addition to tax pursuant to
Deficiency
sec. 6651(a) [1]
sec. 6653(a)
$9,195
$62
$460
*311 This case is presently before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed pursuant to Rule 53, Tax Court Rules of Practice and Procedure. The issues for decision are (1) whether the Service properly mailed a notice of deficiency to petitioners at their "last known address" as that phrase is used in section 6212(b)(1); and (2) whether the petition was timely filed within the 90-day period prescribed by sections 6213(a) and 7502. Petitioner Samuel M. Plaut resided in Trinidad, California at the time of filing his amended petition in this case (hereinafter all references to petitioner in the singular will be to Samuel M. Plaut). However, there is no evidence in the record with respect to the residence of petitioner's wife, Sharon A. Plaut, at the time of filing either the petition or the amended petition herein. [2] They filed a joint Federal income tax return for the year 1979 with the Internal Revenue Service Center, Fresno, California. According to petitioner's *312 counsel, petitioner became permanently disabled in 1981 causing him to cease his medical practice. He resided part-time in Seattle, Washington and part-time in Trinidad, California during 1983, the year in which the notice of deficiency was issued. Respondent allegedly issued two identical notices of deficiency in the instant case, both of which were mailed on May 16, 1983. The only difference in the two notices was the address to which they were sent. One notice was mailed to 1880 North Waterman, San Sernadino, California 92404, which was the address shown on petitioners' 1979 Federal income tax return. The other notice was mailed to Post Office Box 369, Trinidad, California 95570, which was the address designated as petitioner's legal residence in his amended petition filed with the Court on October 21, 1983. Respondent also contends that copies of both notices were sent to petitioners' authorized representative. It is not totally clear from the record when petitioner received actual notice of respondent's issuance of a notice of deficiency in this case. However, it appears what the both notices, or copies thereof, were forwarded to petitioner and received by him at least *313 by late June 1983. Petitioners subsequently filed a petition with this Court in which they contested the deficiency set forth in respondent's notice. The envelope in which the petition was mailed to the Court bore a private postage meter mark for Beverly Hills, California dated August 15, 1983. However, that envelope also bore a U.S. Postal Service postmark for Marina Del Ray, California dated August 16, 1983. The petition was received at the Tax Court on August 18, 1983, 94 days after the mailing of the statutory notice. On December 21, 1983, respondent filed a Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not timely filed. Section 6212(a) authorizes the Secretary of the Treasury to send a notice of deficiency to a taxpayer when it has been determined that a deficiency in tax exists. In order for a taxpayer to be entitled to litigate in this Court, a petition for redetermination must be filed by that taxpayer within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the proper mailing by the Commissioner of such notice of deficiency. Sec. 6213(a). Failure to so file will result in the dismissal of the *314 case since timely filing is a prerequisite to the jurisdiction of this Court. Shipley v. Commissioner,572 F.2d 212, 213 (9th Cir. 1977), affg. a Memorandum Opinion of this Court; Minuto v. Commissioner,66 T.C 616, 618 (1976); Estate of Moffat v. Commissioner,46 T.C. 499, 501 (1966). Section 6213(a) provides that the period within which the petition must be filed begins to run upon the mailing by the Secretary of the notice of deficiency authorized by section 6212. Section 6212(b)(1) requires that such notice be mailed to the taxpayer's "last known address." Neither section 6212 nor the regulations promulgated thereunder defines what constitutes a taxpayer's "last known address." We have defined it as that person's "last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period." Brown v. Commissioner,78 T.C. 215, 218 (1982). In short, the taxpayer's "last known address" is that address where the respondent reasonably believes, based on all the facts *315 and circumstances, the taxpayer wishes the notice to be sent. Brown v. Commissioner,supra at 218-219; Weinroth v. Commissioner,74 T.C 430, 435 (1980). Petitioner in this case is contesting both ends of the running of the 90-day period. With respect to the frong-end, petitioner initially asserted that the statutory notice was not sent to petitioner's "last known address." However, at the hearing in this case petitioner's counsel did not contest the fact that the Trinidad address constituted petitioner's "last known address." Instead, it is petitioner's contention that the notice of deficiency was never mailed to petitioner at the Trinidad address and that the San Bernadino address was not petitioner's "last known address." We agree with petitioner that the San Bernadino address which appeared on petitioners' 1979 Federal income tax return was not petitioner's last known address since it is apparent from the record that respondent was advised during some point in the audit that petitioner was no longer residing at such address. Thus, the question we must decide is whether a notice of deficiency was properly mailed to petitioner at the Trinidad *316 address. Petitioner has failed to introduce any substantive evidence that a notice of deficiency was not mailed to the Trinidad address on May 16, 1983. Respondent, on the other hand, introduced a copy of Postal Service Form 3877, Acceptance of Registered, Insured, C.O.D. and Certified Mail, which indicates that a statutory notice of deficiency was mailed by respondent to petitioner at the Trinidad address on May 16, 1983. With no contrary evidence present we find this form to be conclusive proof of the fact that respondent did indeed send a notice of deficiency to petitioners at the Trinidad address. Consequently, the 90-day period for filing a petition with this Court began running in the present case on May 16, 1983. Petitioner's second contention in opposition to respondent's motion concerns the date which the petition itself was mailed. Based on cur finding that a properly addressed notice of deficiency was mailed by respondent on May 16, 1983, the 90-day period for timely filing a petition with this Court normally would have expired on August 14, 1983. However, section 7503 provides that "When the last day prescribed under authority of the internal revenue laws for performing *317 any act falls on Saturday, Sunday, or a legal holiday, the performance of such act shall be considered timely if it is performed on the next succeeding day which is not a Saturday, Sunday, or a legal holiday." In this case, August 14, 1983 fell on a Sunday. Thus, the final day for filing a petition with this Court expired on the next succeeding day, Monday, August 15, 1983. The envelope containing the petition in this case was received at the Tax Court on the 94th day after the mailing of the statutory notice of deficiency. Petitioners, however, argue that it was nonetheless timely relying upon section 7502, which provides as follows: SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING. (a) General Rule.-- (1) Date of delivery.--If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment *318 is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be. (2) Mailing requirements.--This subsection shall apply only if-- (A) the postmark date falls within the prescribed period or on or before the prescribed date-- (i) for the filing (including any extensions granted for such filing) of the return, claim, statement, or other document, or (ii) for making the payment (including any extension granted for making such payment), and (B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made. However, with respect to postmarks not made by the United States Postal Service, section 7502(b) provides: (b) Postmarks.--This section shall apply in *319 the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations prescribed by the Secretary. Thus, as to nonofficial postmarks, Congress has delegated broad rule-making authority to the Secretary to decide when the general timely mailing as timely filing provision of section 7502(a) shall apply. Pursuant to this delegation respondent has promulgated section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., which, in pertinent part, provides that: If the envelope has a postmark made by the United States Post Office in addition the postmark not so made, the postmark which was not made by the United States Post Office shall be disregarded and, whether the envelope was mailed in accordance with this subdivision shall be determined solely by applying the rule * * * [applicable to postmarks made by the U.S. Post Office]. These regulations are legislative in nature and clearly are neither inconsistent with the statute nor an arbitrary or unreasonable means of carrying out the legislative purpose. Malekzad v. Commissioner,76 T.C. 963, 967 (1981). In the instant case, petitioner contends that the petition *320 was timely mailed on the date shown by the private postage meter mark, which date was the last date which a petition might have been timely filed under sections 6213(a), 7502 and 7503. However, in addition to the private postage meter mark, the envelope containing the petition also bore a postmark made by the United States Postal Service. Thus, the private mater postmark must be disregarded in favor of the postmark made by the United States Postal Service, which was dated 92 days after the mailing of the notice of deficiency. We might add that at the hearing, petitioner's counsel urged us to discregard the postmark made by the Postal Service bacause of the alleged poor postal service in the Beverly Hills area. However, petitioner failed to introduce any evidence that the petition was actually postmarked on August 15, 1983, the final day for filing a petition with with the Court. Furthermore, section 301.7502-1(c)(1)(iii)(a), Proced. & Admin. Regs., provides that: If the postmark on the envelope or wrapper is made by the United States Post Office, such postmark must bear a date on or before the last date, or the last day of the period, prescribed for filing the document. *321 If the postmark does not bear a date on or before the last date, or the last day of the period, prescribed for filing the document, the document will be considered not to be filed timely, regardless of when the document is deposited in the mail. Accordingly, the sender who relies upon the applicability of section 7502 assumes the risk that the postmark will bear a date on or before the last date, or the last day of the period, prescribed for filing the document, but see subparagraph (2) of this paragraph with respect to the use of registered mail or certified mail to avoid this risk. * * * [Emphasis added.] Relying on this regulation, we have previously held that where the United States Postal Service postmark is dated beyond the last day for filing a petition with this Court, petitioner is precluded from introducing any extrensic evidence to show that the petition was in fact mailed earlier. Shipley v. Commissioner,supra;Malekzed v. Commissioner,supra.Accordingly, respondent's Motion to Dismiss for Lack of Jurisdiction will be granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. According to petitioner's counsel, Dr. Plaut and his wife were separated during 1983.↩