RICHARD LEROY KAHLE, PETITIONER v. COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 28018-85.          Filed April 28, 1987.

Richard L. Kahle, pro se.
*Florence M. Jones*, for the respondent.

## OPINION

PARKER, *Judge*: Respondent determined a deficiency in petitioner's Federal income tax for the year 1981 in the amount of $6,339. The matter is before the Court on respondent's motion to dismiss for lack of jurisdiction, on the ground that the petition was not filed within the time prescribed by section 6213(a) and section 7502.[1]

On April 3, 1985, respondent mailed a statutory notice of deficiency to petitioner by certified mail. The 90th day after April 3, 1985, was Tuesday, July 2, 1985, which was not a legal holiday in the District of Columbia. On Wednesday, July 17, 1985, the Court received and filed the petition in this case.[2] On February 9, 1987, respondent filed his motion to dismiss for lack of jurisdiction. A jurisdictional issue can be raised at any time.[3] Petitioner has been

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year in question.

[2] Petitioner rather wistfully states that he is "obviously unable to substantiate with any type of documentation, that the delay was caused by the Postal delivery and actual filing by the clerk." If petitioner intended to convey a suggestion that there was delay on the part of the staff of this Court, any such suggestion is wholly unwarranted. The mail room at the Tax Court date-and-time stamped the petition and the accompanying designation of place of trial at 7:39 a.m. on July 17, 1985, and those documents were filed that day.

[3] Thus, a jurisdictional issue can be raised by either party or by the Court, sua sponte, at any time, even after a case has been tried and briefed. *Brown v. Commissioner*, 78 T.C. 215 (1982); *Winchell v. Commissioner*, T.C. Memo. 1983-221.

accorded an opportunity to file a response and any other answering materials to the motion.[4]

Section 6213(a)[5] requires that a petition be filed with this Court within 90 days (150 days in certain cases) after the notice of deficiency is mailed to the taxpayer. Timely filing of the petition is jurisdictional in this Court. *Shipley v. Commissioner*, 572 F.2d 212 (9th Cir. 1977), affg. a Memorandum Opinion of this Court;[6] *Malekzad v. Commissioner*, 76 T.C. 963 (1981); *Estate of Moffat v. Commissioner*, 46 T.C. 499 (1966). Normally the date of filing is the date of physical delivery to the Tax Court. *Miller v. United States*, 784 F.2d 728, 730-731 (6th Cir. 1986). However, in certain carefully circumscribed situations, section 7502[7] provides

---

[4]By order dated Feb. 19, 1987, petitioner was allowed a period of time, to and including Mar. 27, 1987, within which to file any response or other answering materials to the motion to dismiss. On Mar. 27, 1987, petitioner mailed to the Court by certified mail his response and a statement by B. Elliott Keller, the chief executive officer of Keller, Hill, Michaels & Rushmore, Inc., in Los Angeles, California. Those materials being timely mailed were timely filed with the Court. Mr. Keller's statement is described as "a declaration under penalty of perjury." Petitioner asks that the motion to dismiss be denied or alternatively that the matter be set for hearing "so that parties may testify under oath, as to the timely mailing" of the petition. The Court has carefully considered petitioner's response and Mr. Keller's statement and, as will be discussed later, cannot accept them as accurately stating the facts in certain respects. Nonetheless, the Court concludes that all relevant facts in regard to the postmark are undisputed, and that any disputed facts as to other aspects of the preparation and mailing of the petition are irrelevant to the Court's disposition of the matter.

[5]Sec. 6213(a) provides that:

SEC. 6213(a). TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.—Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851 or section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, 44, or 45 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. * * *

[6]T.C. Memo. 1976-383.

[7]SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING.

(a) GENERAL RULE.—

(1) DATE OF DELIVERY.—If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.

(2) MAILING REQUIREMENTS.—This subsection shall apply only if—

(A) the postmark date falls within the prescribed period or on or before the prescribed date—

(i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or

that timely mailing can be deemed to be the date of delivery to the Court and hence timely filing. Petitioner seeks to bring himself within the safe harbor of section 7502.

While both petitioner and Mr. Keller suggest that the petition was mailed on July 2, 1985, neither indicates that he personally mailed the petition or even has any personal knowledge as to who did so or when.[8] Mr. Keller's description of the preparation and mailing of the petition does not comport with the physical appearance of the document itself.[9] While Mr. Keller indicates that he gave

---

    (ii) for making the payment (including any extension granted for making such payment), and

    (B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made.

  (b) POSTMARKS.—This section shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations prescribed by the Secretary.

  (c) REGISTERED AND CERTIFIED MAILING.—

    (l) REGISTERED MAIL.—For purposes of this section, if any such return, claim, statement, or other document, or payment, is sent by United States registered mail—

      (A) such registration shall be prima facie evidence that the return, claim, statement, or other document was delivered to the agency, officer, or office to which addressed, and

      (B) the date of registration shall be deemed the postmark date.

    (2) CERTIFIED MAIL.—The Secretary is authorized to provide by regulations the extent to which the provisions of paragraph (1) of this subsection with respect to prima facie evidence of delivery and the postmark date shall apply to certified mail.

  [8] Petitioner simply says "It is * * * my recall, and the attached declarations [Mr. Keller's statement] that the Petition was mailed in the early morning hours of July 2, 1985, which was the 90th day from the mailing of the Deficiency Notice, and within therefore the time allotted for the filing." Mr. Keller simply describes the instructions he gave his secretary and says the "instructions, to my knowledge, were completely followed." The envelope in which the petition was mailed, which is part of the Court's file, indicates his instructions were not followed.

  [9] According to Mr. Keller:

"Upon review of the final copy of the Petition to be forwarded to the U.S. Tax Court, Mr. Kahle signed and dated the Petition in my presence, *at which time* I gave my secretary specific instructions to mail the Petition, certified, and *that it was to be mailed no later than that morning, on July 2nd, 1985.* [Emphasis added]."

The petition itself is a preprinted form petition (T.C. Form 2 (Rev. Sept. 1982)) usually used in "small tax cases." It is signed by petitioner and his signature is dated "6/28/85," not July 2, 1985. Also the designation of place of trial (Form 4 Rev: 1/84), filed at the same time as the petition, is also signed by petitioner and dated "6/28/85." While Mr. Keller may have had petitioner backdate his signature, there is another indication that the document, at least in part, was prepared later than July 2, 1985. In par. 4 of the preprinted petition ("Set forth those adjustments, i.e., changes, in the NOTICE OF DEFICIENCY with which you disagree and why you disagree"), appear just two words "see attached." Attached to the preprinted form petition is a two-page document entitled *"Reasons of Disagreement with the NOTICE OF DEFICIENCY."* At the top of page 2 of that document is the following heading:

Internal Revenue Service
July 11, 1985
Page 2

his secretary specific instructions to send the petition by certified mail no later than July 2, 1985, he cannot locate "the retained portion of the certification slip."[10] Neither petitioner's response nor Mr. Keller's statement addresses the critical fact in this case, the fact that the envelope in which the petition was mailed to the Court bears a clearly legible postmark.[11]

The postmark bears a date of July 3, 1985, the 91st day after the mailing of the notice of deficiency. The postmark appears to have been made by the U.S. Postal Service. See note 11 *supra*. Where a legible postmark appears on an envelope, that postmark is conclusive as to the date of mailing for purposes of section 7502. That is compelled by the clear language of the statute itself and by the case law. Section 7502(a)(1) expressly provides that where a document such as a petition must be filed within a prescribed date and is delivered after such date by the U.S. mail to the

If the facts in regard to these matters were relevant to our disposition of the case, we would accord petitioner an evidentiary hearing to try to explain these apparent discrepancies. However, for purposes of ruling on the motion, the Court will assume that the envelope containing the petition was in fact placed in the hands of the U.S. Postal Service on July 2, 1985.

[10]Mr. Keller's statement reads as follows:

"My instructions specifically included the requirement of getting a valid U.S. Postmark on the retained portion of the certification slip, which instructions, to my knowledge, were completely followed. However, the retained portion of the certification slip was not subsequently affixed to our copy of the Petition, and is now, not to be found."

We assume Mr. Keller means that "to *the best of* [his] knowledge," his instructions were followed. In any event, the envelope in which the petition was mailed to the Court is in the Court's file. That envelope [a pre-addressed envelope normally furnished along with the preprinted form petition for use in "small tax cases"] bears no indication that it was sent by certified mail. It appears to have been sent by regular mail, showing postage of $0.41. However, for purposes of our ruling on the motion to dismiss, the Court will assume that the envelope was sent by certified mail, but that the sender's copy of any certification slip cannot now be found.

[11]Respondent's motion to dismiss for lack of jurisdiction recites in par. 4 that:

"The copy of the petition served upon the respondent bears a notation that the date of the private postmeter stamped on the corner [sic] in which the petition was mailed to the Tax Court is July 3, 1985."

We assume respondent means either "stamped on the corner of the envelope in which" or "stamped on the cover in which." In any event, the date stamped on the upper right corner of the envelope or cover in which the petition was mailed to the Court is "July 3, 1985." What is not clear to the Court is whether the postmark was made by the U.S. Postal Service or by a private postage meter. It appears to the Court to have been made by the U.S. Postal Service, which would be consistent with Mr. Keller's instructions to his secretary to send it by certified mail and have the retained certification slip postmarked. That could only be done if the envelope were taken to the post office for mailing. However, as will be discussed in the text, the result would be the same in this case even if the postmark was made by a private postage meter.

Court, "the date of the United States postmark stamped on the cover in which such * * * document * * * is mailed shall be deemed to be the date of delivery." See note 7 *supra*. Where a legible postmark appears on the envelope, as in this case, the postmark conclusively establishes the date of mailing and no evidence that the petition was in fact mailed on some other day will be allowed. *Shipley v. Commissioner, supra; Drake v. Commissioner*, 554 F.2d 736 (5th Cir. 1977); *Estate of Moffat v. Commissioner, supra.*

The facts in the *Shipley* case are strikingly similar to petitioner's contentions here. There the envelope containing the petition was taken to the post office on the 90th day, March 29, 1976, to be sent by certified mail. However, the retained certified mail receipt could not be produced. The envelope bore a postmark of March 30, 1976, and both the Tax Court and the Ninth Circuit found that to be controlling.[12] Both agreed that had there been a retained certified mail receipt showing a date of March 29, 1976, the result would have been different. Section 301.7502-1(c)(2), Proced. & Admin. Regs., provides that:

If the document is sent by United States certified mail and the sender's receipt is postmarked by the postal employee to whom such document is presented, the date of the United States postmark on such receipt shall be treated as the postmark date of the document. Accordingly, the risk that the document will not be postmarked on the date it is deposited in the mail may be overcome by the use of * * * certified mail.

Here, as in *Shipley*, petitioner has not or cannot produce a retained certified mail receipt showing a date different from the date of the postmark on the envelope. Consequently, the legible postmark is controlling and petitioner is foreclosed from presenting secondary evidence that the petition was mailed on some other date. *Shipley v. Commissioner, supra*, 572 F.2d at 214.

Assuming for the sake of argument that the clearly legible postmark in this case had been made by a private postage meter, petitioner would still be foreclosed from presenting evidence to contradict the postmark date. *Wiese v. Commissioner*, 70 T.C. 712 (1978). This would seem to be an a fortiori situation under both the statute and the

---

[12]Barring stipulation to the contrary, any appeal in this case would lie to the U.S. Court of Appeals for the Ninth Circuit.

pertinent regulations. Section 7502(b) provides that the section will apply in the case of postmarks not made by the U.S. Postal Service "only if and to the extent provided by regulations prescribed by the Secretary." See note 7 *supra*. Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., provides:

(b) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. * * *

Thus, the postmark here not bearing a date on or before the last date (July 2, 1985) ends our inquiry and we do not reach the second prong as to whether the envelope was received "not later than the time when a document * * * would ordinarily be received."[13]

Accordingly, whether the clearly legible postmark in this case was made by the U.S. Postal Service or by a private postage meter, that postmark date is controlling here and

---

[13]*Sec.* 301.7502-1(c)(1)(iii)(*b*), *Proced. & Admin. Regs.*, goes on to provide:

"However, in case the document is received after the time when a document so mailed and so postmarked by the United States Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. If the envelope has a postmark made by the United States Post Office in addition to the postmark not so made, the postmark which was not made by the United States Post Office shall be disregarded, and whether the envelope was mailed in accordance with this subdivision shall be determined solely by applying the rule of (a) of this subdivision."

Petitioner admits he cannot explain why the envelope, which he says was mailed on July 2, 1985, did not reach the Court until July 17, 1985. Even if the envelope bore a postmark of July 2, 1985, made by a private postage meter and if petitioner could establish it was in fact mailed on July 2, 1985, petitioner would have a difficult task trying to satisfy the further requirements of sec. 301.7502-1(c)(1)(iii)(*b*), Proced. & Admin. Regs., to establish that the delay was (1) due to delay in the transmission of the mail and (2) the cause of such delay in the mail. *Lindemood v. Commissioner*, 566 F.2d 646 (9th Cir. 1977). See also *Berry v. Commissioner*, T.C. Memo. 1981-106.

conclusively establishes that the petition was not timely mailed within the requirements of section 7502. Under the statutory provision and the case law, petitioner is precluded from offering any evidence to show that the petition was mailed on some other date, and we decline to afford petitioner the evidentiary hearing requested. Respondent's motion to dismiss for lack of jurisdiction will be granted.

*An appropriate order will be entered.*