954 F.2d 727
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles C. TSENG; Doris W. Tseng, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent,
 No. 90-70572.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 10, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles C. Tseng and Doris W. Tseng appeal pro se the tax court's dismissal of their petition for a redetermination of a tax deficiency for tax year 1982. The tax court found it lacked jurisdiction because the Tsengs' petition was not timely filed pursuant to 26 U.S.C. § 6213(a). We have jurisdiction pursuant to 26 U.S.C. § 7482(a) and affirm.
 
 
 3
 A taxpayer may petition for a redetermination of a tax deficiency within ninety days after a notice of deficiency has been mailed to the taxpayer. See 26 U.S.C. § 6213(a); Shipley v. Commissioner, 572 F.2d 212, 213 (9th Cir.1977). "Timely filing of a petition is jurisdictional." Shipley, 572 F.2d at 213 (citations omitted). If the petition is delivered by United States mail, the postmark date is deemed to be the date of filing. See 26 U.S.C. § 7502(a)(1).
 
 
 4
 Here, the Internal Revenue Service (IRS) mailed the notice of deficiency to the Tsengs on April 5, 1990. The petition was filed on July 19, 1990, which is 105 days after the mailing of the notice of deficiency. The postmark on the envelope was July 16, 1990, which is 102 days after the notice of deficiency. Thus, the Tsengs' petition was untimely. The Tsengs claim, however, that they timely mailed the petition on July 1, 1990. This unsupported claim is insufficient and must fail. In Shipley, we held that
 
 
 5
 [t]he scheme of the statute and implementing regulations is designed to avoid testimony as to the date of mailing in favor of tangible evidence in the form of an official government notation. When a legible postmark appears on an envelope no evidence that the petition was mailed on some other date will be allowed.
 
 
 6
 572 F.2d at 214 (citations omitted).
 
 
 7
 On appeal, the Tsengs, relying on section 6213(a), argue that they should have been given 150 days to file their petition because Mrs. Tseng was out of the country between April and June of 1990. Generally, we will not consider an issue raised for the first time on appeal. See Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985). The Tsengs also argue for the first time on appeal that the IRS had previously issued a notice of deficiency for tax year 1982 and therefore the April 5, 1990 notice was invalid under 26 U.S.C. § 6212. Given that these issues are raised for the first time on appeal, we decline to consider this argument. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3