983 F.2d 1080
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel WARD; Doneva Ward, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70328.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel and Doneva Ward appeal the tax court's order dismissing the Wards' petition for redetermination of their tax deficiency as untimely. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review the tax court's conclusions of law de novo and findings of fact for clear error. Collins v. Commissioner, 857 F.2d 1383, 1385 (9th Cir.1988). We affirm.
 
 
 3
 A taxpayer who seeks a redetermination of a tax deficiency in the tax court must file a petition within ninety days after the notice of deficiency is mailed. 26 U.S.C. § 6213(a). "Timely filing of the petition is jurisdictional." Shipley v. Commissioner, 572 F.2d 212, 213 (9th Cir.1977).
 
 
 4
 The tax court found that the Commissioner of Internal Revenue ("Commissioner") mailed a statutory notice of deficiency to the Wards on June 4, 1991. The tax court further found that the Wards filed a petition for redetermination on September 17, 1991, but that the period for filing had expired on September 3, 1991. See 26 U.S.C. § 6213(a).
 
 
 5
 The tax court noted that the Wards, in their objection to the Commissioner's motion to dismiss, did not deny these facts. Rather, they alleged that (1) they mailed a letter to the tax court on July 19, 1991, with the notice of deficiency attached, stating that they wished to contest the deficiency determination; and (2) the court should have filed this letter as their petition for redetermination. The tax court, however, found no evidence in the record that the court received any correspondence from the Wards before their September 17 petition.
 
 
 6
 On appeal, the Wards contend the tax court erred by stating they did not deny the jurisdictional facts. They argue that their allegation regarding the July 19 letter constitutes such a denial. This contention lacks merit.
 
 
 7
 The Wards did not deny that the Commissioner mailed a notice of deficiency on June 4, 1991 and that the time for filing a petition for redetermination expired on September 3, 1991. While the Wards disputed the date they filed their petition for redetermination, the tax court clearly considered their allegation regarding the July 19 letter in its order of dismissal.
 
 
 8
 The Wards also contend the tax court erred by failing to provide them an opportunity to proffer evidence showing they delivered and the tax court accepted a timely petition for redetermination. They allege for the first time on appeal that they have evidence in the form of a return receipt from the United States Postal Service, signed by the clerk of the tax court, showing they timely mailed their petition on July 19, 1991. This contention lacks merit.
 
 
 9
 The Wards did not present this evidence to the tax court when they objected to the Commissioner's motion to dismiss. Moreover, they have not offered an explanation for their failure to do so. Therefore, the tax court did not err by failing to consider their evidence and we need not consider this issue on appeal.[1] Cf. Vincent v. Trend W. Technical Corp., 828 F.2d 563, 570 (9th Cir.1987) (court of appeals need not consider issues raised for first time on appeal).
 
 
 10
 In support of their argument, the Wards cite to several decisions of this court remanding cases to the tax court for further factual findings. See Showell v. Commissioner, 254 F.2d 461 (9th Cir.1958); Belridge Oil Co. v. Commissioner, 85 F.2d 762 (9th Cir.1936); Eaton v. Commissioner, 81 F.2d 332 (9th Cir.1935); Anderson v. Commissioner, 78 F.2d 636 (9th Cir.1935). In these cases, however, the tax court either ignored the evidence that was before the court, see Belridge Oil Co., 85 F.2d at 768, failed to make a crucial factual finding based on evidence before the court, see Eaton, 81 F.2d at 334; Anderson, 78 F.2d at 639, or accorded improper weight to the evidence, see Showell, 254 F.2d at 462-63. None of these cases involved a complete failure to present evidence to the tax court.
 
 
 11
 A review of the tax court's order shows that the court considered the Wards' allegation regarding the July 19 letter and found no evidence to support it. We conclude that the tax court did not commit clear error by finding that the Wards did not timely file a petition for redetermination. See Collins, 857 F.2d at 1385. Therefore, the tax court did not err by dismissing the Wards' petition. See 26 U.S.C. § 6213(a); Shipley, 572 F.2d at 213.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3