104 F.3d 365
 79 A.F.T.R.2d 97-355
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald E. JONES, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-70598.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayer Donald E. Jones appeals pro se the United States Tax Court's dismissal of his petition challenging the Commissioner of Internal Revenue's ("CIR") notice of deficiency for the tax years 1989 through 1995 for lack of jurisdiction. We review de novo, Scar v. C.I.R., 814 F.2d 1363, 1366 (9th Cir.1987), and we affirm.
 
 
 3
 It is well-established that the tax court is a court of limited jurisdiction and that the tax court may exercise its jurisdiction only when the IRS issues a notice of deficiency and the taxpayer files a timely petition for redetermination. See 26 U.S.C. § 6213(a); Scar, 814 F.2d at 1366. The taxpayer's petition is timely if it is filed within 90 days after the notice of deficiency has been mailed. 26 U.S.C. § 6213(a); see also Shipley v. C.I.R., 572 F.2d 212, 213 (9th Cir.1977).
 
 
 4
 Here, the Internal Revenue Service was unable to produce a record that a notice of deficiency for tax years 1989, 1990, 1994 or 1995 had been issued to Jones. Jones was also unable to produce evidence that a notice of deficiency had been issued for those years. Accordingly, we find that the tax court did not err by dismissing Jones's petition for lack of jurisdiction for tax years 1989, 1990, 1994 and 1995. See Scar, 814 F.2d at 1366.
 
 
 5
 Regarding tax year 1991, the CIR issued a notice of deficiency to Jones on January 4, 1994. Jones's petition for redetermination was not received by the Tax Court until March 18, 1996, more than two years after the mailing of the notice of deficiency. The tax court concluded that Jones failed to timely file his petition for tax year 1991 pursuant to 26 U.S.C. § 6213(a). Accordingly, the tax court did not err in dismissing Jones's untimely petition for the tax year 1991 for lack of jurisdiction. See Shipley, 572 F.2d at 213.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jones did receive a notice of deficiency for the tax years 1992 and 1993, and Jones timely petitioned the tax court from those notices of deficiency. Thus, the tax court properly found that it has jurisdiction over those tax years. See Scar, 814 F.2d at 1366