T.C. Summary Opinion 2001-130

UNITED STATES TAX COURT

ROSILAND J. SMITH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3576-00S.                    Filed August 22, 2001.

James Wesly Smith, for petitioner.

Lorraine Y. Wu, for respondent.

PAJAK, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $2,561 in petitioner's 1995 Federal income tax, a section 6651(a)(1) addition to tax of $639.25, and a section 6662(a) penalty of $512.20. This Court must decide: (1) Whether the notice of deficiency was mailed within the statute of limitations period; and if it was, (2) whether petitioner is entitled to deduct expenses on Schedule C, Profit or Loss From Business, of $36,167; (3) whether petitioner is liable for the section 6651(a)(1) addition to tax; and (4) whether petitioner is liable for the section 6662(a) penalty.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Pacoima, California, at the time she filed her petition.

Respondent disallowed $36,167 of petitioner's 1995 Schedule C expense deductions because they were not substantiated. Of this amount, $26,666 is for depreciation of motion picture synchronization rights from recordings. The remaining amount represents deductions for advertising, car and truck expenses, insurance, office expense, repairs and maintenance, supplies, utilities, record storage, and auto club. As reported on her Schedule C, petitioner had no gross income from her "Film Video & Record Production" business.

We first observe that petitioner did not appear at trial. Instead her attorney, who was her husband at least during 1995, appeared on her behalf. Petitioner's sole argument before this

Court was that the statute of limitations barred the assessment of tax. Due to a strong belief in the foregoing argument, petitioner and her attorney decided it was not necessary to provide the Court with any substantiation of the disallowed expenses.

Petitioner and her husband filed their returns under the filing status "married filing separate". They "never" mailed their returns at the same time.

Petitioner's argument regarding the statute of limitations is based on her position that she mailed her return on April 15, 1996. The date petitioner allegedly signed her 1995 tax return is April 5, 1996. (The date typed on the return was "Aprilk596" [sic]). The envelope in which the return was mailed is postmarked April 18, 1997, by the U.S. Postal Service. The date stamped on the front of the 1995 return as the date the return was received by the Internal Revenue Service (IRS) is April 8, 1997, 10 days prior to the date of the postmark.

On an IRS Form 895 pertaining to petitioner, there is a notation that the postmark date on the envelope, in which the return was mailed, is April 18, 1997, and that the received date (April 8, 1997) is wrong. This document lists the expiration date of the period of limitations as April 18, 2000. The notice of deficiency was mailed on December 28, 1999.

Petitioner pointed out the difference between the dates April 8, 1997, and April 18, 1997, and the reference to the received date as wrong to show respondent was not accurate. Petitioner argues that the dates used by respondent should be ignored. Petitioner's contention is that the period of limitations expired on April 15, 1999, prior to the mailing of the notice of deficiency on December 28, 1999.

A witness for petitioner testified that he saw petitioner mail on April 15, 1996, an envelope bearing a typed address to the IRS, Fresno, California 93888. In response to a question from respondent, the witness confirmed that the address was typed. However, the address on the envelope containing petitioner's return was not typed, but was written in a scrawl. The fact is that petitioner is the person who knew when she filed her Federal income tax return for the year 1995. She failed to appear at trial. The rule is well established that the failure of a party to introduce evidence within her possession which, if true, would be favorable to her, gives rise to the presumption that if produced it would be unfavorable. Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

Ms. Susan J. Hernandez, a disclosure officer for the Los Angeles IRS office, testified regarding the procedures used at the IRS to keep track of documents. She stated that if a return

is received by the Service Center between January and April the 15th of the year the return is due, then there is no date stamped received on the document. Late returns are date stamped received at the time they come in. The envelopes in which the returns are mailed are attached to the taxpayer's return only if the return is received after April 15.

All returns, documents, and correspondence are stamped with a document locator number when they are processed by the Service Center. The date the return is processed is not necessarily the date the return is received. The delay in processing does not affect the filing date and is not usually more than a week after the item is received. The document locator number provides a Julian date, which is a number that corresponds with the day of the calendar year that the document was processed, e.g., 1 through 365.

The document locator number on petitioner's 1995 tax return is 116. This number corresponds to April 26. The last digit of the document locator number is a 7, which means that the return was processed in 1997.

Under the general rule of section 6501(a), a deficiency must be assessed within 3 years from the date on which the return is filed. The notice of deficiency was issued on December 28, 1999. Respondent determined that petitioner filed her 1995 return on April 18, 1997. Petitioner claims that she filed her 1995 return

on April 15, 1996. Thus, the statute of limitations issue turns on when the return was filed.

Generally, a return is filed when it is delivered to and received by the IRS. Walden v. Commissioner, 90 T.C. 947, 951 (1988). This general presumption is modified by section 7502. Under section 7502(a), where a return is mailed and bears a U.S. Postal Service postmark on or before the due date but is received by the IRS after the due date, the return is deemed timely filed. Estate of Wood v. Commissioner, 92 T.C. 793, 795-796 (1989), affd. 909 F.2d 1155 (8th Cir. 1990). Petitioner's return was not timely postmarked.

Petitioner argues that we should apply the common law "mailbox rule" to determine whether the return was timely mailed and therefore deemed timely filed under section 7502. The common law mailbox rule provides that proof of a properly mailed document creates a presumption that the document was delivered and actually received by the addressee. Estate of Wood v. Commissioner, supra at 798-799. In applying section 7502, when a taxpayer does not have documentary evidence that a document was mailed, we have in particular circumstances allowed indirect evidence to prove that the document was mailed. Estate of Wood v. Commissioner, supra; see also Anderson v. United States, 966 F.2d 487 (9th Cir. 1992).

However, petitioner has failed to recognize that the cases in which the common law mailbox rule is applied are generally those where the return was never received by the IRS, not those where the return was received after its due date bearing a legible but untimely postmark. See Anderson v. United States, supra; Estate of Wood v. Commissioner, supra. "When a legible postmark appears on an envelope no evidence that the petition was mailed on some other day will be allowed." Shipley v. Commissioner, 572 F.2d 212, 214 (9th Cir. 1977), affg. T.C. Memo. 1976-383. Petitioner offered no explanation why the envelope was postmarked and received almost exactly 1 year after it was allegedly mailed. We find that the return was mailed after the due date on April 18, 1997, the date the envelope was postmarked.

When a return is mailed after the due date, the return is considered filed on the date the return is actually received by the IRS. Emmons v. Commissioner, 92 T.C. 342, 346-347 (1989), affd. 898 F.2d 50 (5th Cir. 1990); Radding v. Commissioner, T.C. Memo. 1988-250.

Petitioner's return was received by the IRS at some point between April 18, 1997, and April 26, 1997. Because there was some question as to the exact date the return was received, the IRS used the earliest date of April 18, 1997, as the received date. We shall do the same. Therefore, we find that petitioner's return was received on April 18, 1997, and was filed

as of that date.  Therefore, we find that the statute of limitations period expired on April 18, 2000.  We hold that the statute of limitations does not bar assessment of the deficiency determined in the statutory notice sent to petitioner on December 28, 1999.

We now address the remaining issues.  Respondent disallowed the deduction of $36,167 of Schedule C expenses.  Petitioner presented no testimony or other evidence regarding these deductions.  Deductions are strictly a matter of legislative grace.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Taxpayers must substantiate claimed deductions.  Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  Section 7491(a) does not change the burden of proof where petitioner has failed to substantiate her deductions.  Higbee v. Commissioner, 116 T.C. 438 (2001).  Moreover, taxpayers must keep sufficient records to establish the amounts of the deductions.  Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965); sec. 1.6001-1(a), Income Tax Regs.  Because petitioner presented no substantiation, we sustain respondent's determination as to the disallowance of the deduction of $36,167 of Schedule C expenses.

Under section 7491(c), respondent has the burden of production in any court proceeding with respect to the liability

of any individual for any penalty or addition to tax. Respondent contends that petitioner is liable for an addition to tax pursuant to section 6651(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return by its due date, determined with regard to any extension of time for filing previously granted. The addition equals 5 percent for each month that the return is late, not to exceed 25 percent. Sec. 6651(a)(1). Additions to tax under section 6651(a)(1) are imposed unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. Sec. 6651(a)(1). The taxpayer must prove both reasonable cause and a lack of willful neglect. Crocker v. Commissioner, 92 T.C. 899, 912 (1989). "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence. United States v. Boyle, 469 U.S. 241, 246 (1985). Willful neglect is defined as a "conscious, intentional failure or reckless indifference." Id. at 245.

Petitioner's 1995 return was filed late. Petitioner did not prove she had reasonable cause or a lack of willful neglect. Accordingly, we sustain respondent's determination as to the section 6651(a)(1) addition to tax.

Respondent determined that petitioner is liable for the section 6662(a) penalty. Section 6662(a) provides for an accuracy-related penalty in the amount of 20 percent of the

portion of an underpayment of tax attributable to, among other things, negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence is defined to include any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws and any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

Petitioner failed to substantiate the expenses she deducted on her Schedule C. Accordingly, we sustain respondent's determination as to the section 6662(a) penalty.

To the extent that we have not addressed any of petitioner's arguments, we have considered them and conclude that they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.