H. Donald Busch, Bala Cynwyd, Pa., Stephen A. Cozen, Philadelphia, Pa., for defendant.

**GREENGRASS ENTERPRISES, INC.**

v.

**Berl ROTFELD.**

**Civ. A. No. 77–574.**

United States District Court, E. D. Pennsylvania.

July 25, 1979.

## MEMORANDUM

LUONGO, District Judge.

Greengrass Enterprises, Inc. originally brought this contract action in the Court of Common Pleas for Montgomery County. Berl Rotfeld, the defendant, removed the action to this court early in 1977. The case was tried before me, without a jury, on May 23–24, 1978, and at the close of the evidence I granted judgment for the defendant. Greengrass Enterprises then filed a motion to alter or amend the judgment on June 2, 1978. Nothing else transpired until June 4, 1979, when Greengrass Enterprises filed a five-page memorandum in support of its motion. For the reasons hereafter stated, I conclude that the motion should be dismissed for failure to prosecute.

This action was based upon a written agreement between Ken Greengrass, for Greengrass Enterprises, and Berl Rotfeld, the defendant here. (The agreement was attached as an exhibit to Greengrass Enter-prises' original state-court complaint, which in turn is attached as an exhibit to Rotfeld's petition for removal (Document No. 1).) Over a period of time, Ken Greengrass assisted Rotfeld in the promotion and sale of a television series called "Greatest Sports Legends," and the agreement provided that Rotfeld would make certain payments to Greengrass for that advice and assistance. Rotfeld never made the required payments, however, and Greengrass Enterprises then instituted this action.

I found, based on the evidence presented, that the only consideration for Rotfeld's promise was *past* consideration, *i. e.,* the advice and assistance that Ken Greengrass had already furnished at the time the agreement was signed. I also concluded, after applying Pennsylvania choice-of-law rules, that New York contract law was controlling as to the adequacy of that consideration. Finally, I ruled that under section 5–1105 of the New York General Obligations Law, past consideration could not support a promise where that past consideration is not expressed or identified in the written agreement. Thus, because the agreement between Ken Greengrass and Berl Rotfeld neither expressed nor identified any past consideration for Rotfeld's promise, I concluded that his promise was not enforceable under New York law. I stated these findings and conclusions from the bench on May 24, 1978, at the close of the evidence. *See* Document No. 23.

The events that followed must be stated with precision. On June 2, 1978, Greengrass Enterprises filed a motion "to alter or amend" the judgment. Document No. 25. This document recited plaintiff's desire that I alter or amend the judgment insofar as it concluded that the written agreement was unenforceable under New York law. Finally, the motion requested that I "alter or amend the judgment in accordance with the law of New York, enforcing the written agreement . . . and entering judg-

ment for the plaintiff." *Id.* Plaintiff furnished no reasons or authorities in support of this request. That omission violated Local Rule of Civil Procedure 36, which provides that "[a]ll contested motions shall be accompanied by a brief or memorandum of law containing a concise statement of the legal contentions and authorities relied on in support of said motion." E.D.Pa.R.Civ.P. 36.

That same day, Greengrass Enterprises filed a motion to delay ordering of the trial transcript. Document No. 24. Generally, Local Rule of Civil Procedure 34 requires the moving party to order a transcript so that the court may refer to it in resolving post-trial motions. Greengrass Enterprises recited, however, that its post-trial motion was based solely on a question regarding the proper interpretation of New York law, so that a transcript would not be helpful. In addition, plaintiff's counsel certified that the motion to delay ordering the transcript was uncontested. E.D.Pa.R.Civ.P. 36. In granting the motion, I signed the proposed form of order submitted by plaintiff's counsel, which read in pertinent part: "[I]t is hereby ORDERED and DECREED that the parties shall proceed to present written memoranda and such and [*sic*] oral argument as this Court may direct without placing with the Court Reporter an Order for transcription of the Notes of Testimony from the non-jury trial conducted in this case." Document No. 24.

One year and two days later, on June 4, 1979, Greengrass Enterprises filed a five-page memorandum in support of its motion "to alter or amend" the judgment. Document No. 29. Upon receipt of that memorandum, I wrote to plaintiff's counsel, and in that letter I stated in part: "I must say it came as a complete shock to me that you would undertake to file such a document more than one year after the Findings of Fact and Conclusions of Law were filed." I invited counsel to submit a brief in support of plaintiff's right to proceed with its motion after an interval of more than a year. Counsel then filed such a brief, and defendant filed a brief in opposition. Document Nos. 26, 30.

At the outset, I note that Greengrass Enterprises' motion may properly be considered a motion under Rule 59(e) to alter or amend the judgment. This is so even though Greengrass Enterprises in effect sought reconsideration of my ruling on New York law, vacation of the judgment in favor of Rotfeld, and entry of a new judgment in favor of Greengrass Enterprises. *Cf. Sonnenblick-Goldman Corp. v. Nowalk*, 420 F.2d 858, 859 (3d Cir. 1970) (motion seeking vacation of summary judgment and reconsideration of court's ruling was motion to alter or amend a judgment under Rule 59(e)). *See generally* 6A Moore's Federal Practice ¶ 59.12[1] at 59–250 to 251 (2d ed. 1948) (Rule 59(e) encompasses a motion seeking to vacate a judgment entirely). Thus, I reject Rotfeld's suggestion that the relief sought in plaintiff's motion was beyond the scope of Rule 59(e).

Although the motion was proper under Rule 59(e), and although it was timely filed, plaintiff's utter lack of interest after the motion was filed warrants a dismissal of that motion for failure to prosecute. The period of time that elapsed between the filing of the motion and the filing of the supporting memorandum—one year and two days—is too long an interval to be tolerated if the courts are to handle litigation expeditiously. Indeed, under Local Rule of Civil Procedure 23(a), a one-year hiatus in any civil action leads to dismissal of the action itself, unless "good cause" is shown. E.D.Pa.R.Civ.Pa. 23(a) (amended 1974). Thus, a one-year "gap" in the post-trial phase of this case is surely reason enough to dismiss a post-trial motion for failure to prosecute, unless the inactive party advances some satisfactory explanation for the delay. At oral argument on plaintiff's Rule 59(e) motion, I inquired of counsel concerning the reasons for the considerable delay in filing the memorandum in support of that motion. Counsel provided no satisfactory explanation for the delay. It certainly was never suggested that counsel interpreted my 1978 order (granting plaintiff's motion to delay ordering the transcript) to mean that I would direct counsel to file briefs at the appropriate time, so that counsel could have justifiably awaited such an order. Accordingly, I am not disposed to permit plaintiff, at this late hour, to resume the prosecution of its motion. I shall enter an order dismissing the motion for failure to prosecute.