**Edmund G. and Kaatje R. REDMAN, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 86–1532.

United States Court of Appeals, Sixth Circuit.

Argued March 26, 1987.

Decided June 5, 1987.

---

Bruce W. Powell (argued), Columbus, Ohio, for petitioners-appellants.

Jean Owens, Acting Chief Counsel, I.R.S., Washington, D.C., Michael L. Paup, Roger M. Olsen, Tax Div., Dept. of Justice, Washington, D.C., Charles E. Brookhart, Deborah Swann Mbye (argued), for respondent-appellee.

Before KENNEDY, RYAN and NORRIS, Circuit Judges.

CORNELIA G. KENNEDY, Circuit Judge.

This case presents the question of whether the Tax Court may resolve factual issues at a hearing on a motion to dismiss for lack of jurisdiction. Petitioners-appellants Edmund and Kaatje Redman ("taxpayers") appeal the Tax Court's dismissal of their petition for a redetermination of deficiency. The Tax Court granted the Commissioner's motion to dismiss for lack of jurisdiction finding as a fact that taxpayers failed to file the petition within ninety days of the mailing of the notice of deficiency. For the reasons stated below, we affirm the decision of the Tax Court.

On April 2, 1985, the Commissioner of Internal Revenue ("the Commissioner") mailed a statutory notice of deficiency to taxpayers. The Commissioner asserted an income tax deficiency of $727.78 for the year 1982. Taxpayers were informed that if they wanted to contest the deficiency determination in court they were required to file a petition with the United States Tax Court within ninety days of the mailing date of the statutory notice of deficiency. The ninety-day period for filing a timely petition expired on July 1, 1985. The Tax Court received and filed taxpayers' petition ninety-seven days after the mailing date of April 2, on July 8. There were two private meter postmarks on the envelope, one dated July 1 and an overlapping postmark dated July 2. There was also an undated certified mail sticker on the envelope.

The Commissioner filed a motion to dismiss taxpayers' petition for lack of jurisdiction.[1] In response, taxpayers filed a notice of objection and attached an affidavit of the secretary of taxpayers' attorney. The secretary described the steps she had taken in mailing the petition. She stated that she had taken certified mail cards and the envelope containing the petition to a private mail service at approximately five o'clock on July 1. She paid postage and a delivery charge to the private carrier, and the carrier indicated that it would deposit the en-

---

1. The time restriction on the filing of a Tax Court petition is jurisdictional. *Rice v. Commis-*  *sioner,* 572 F.2d 555 (6th Cir.1978).

velope with the United States Postal Service in time for its 5:30 pickup. The service was supposed to deliver the envelope to the post office and have the certified mail receipt postmarked. The secretary claimed that the private service had guaranteed that the postmark on the envelope would be July 1.

After considering taxpayers' notice of objection, the Tax Court ordered taxpayers to send to the Court a copy of the certified mail receipt. The mail receipt was allegedly destroyed by the private mail service, however, after two months had passed. Thus, taxpayers responded to the Court's request by filing an affidavit taken from the employee of the mail service who had been working on July 1. This employee stated that the envelope was delivered to the post office sometime prior to midnight on July 1. She also stated that the certified mail receipt stamped July 1 had been filed at the service's office and, according to policy, discarded after two months.

The Tax Court noticed a hearing on the Commissioner's motion to dismiss on January 29, 1986. Taxpayers filed a statement in lieu of appearance, Tax Court Rule 50(c), in which they stated that their petition was timely mailed. They claimed that the postmark on the certified mail receipt was controlling and that where a postmark is illegible or missing, extrinsic evidence may be used to prove the date of the postmark. The Tax Court rejected taxpayers' argument and ordered the petition dismissed for lack of jurisdiction. Relying upon the filed affidavits, the Court found that taxpayers did indeed take the petition to the private mail service on July 1, but also found that the petition was not deposited with the United States Postal Service on time to be postmarked July 1. The second postmark on the envelope indicated that the private mail service still had possession of the envelope on July 2. The Court stated that "the Code doesn't provide for the depositing of a petition in the mail ... with an organization called World Mail Center. It says ... that it has to be stamped by the Postal Service." *Id.* at 39.

Taxpayers filed a motion to vacate the Court's order of dismissal. They argued again that they should have been allowed to establish the date of mailing with extrinsic evidence. The Court denied their motion to vacate, noting that taxpayers "did not deposit their petition with the domestic mail service of the United States Post Office." Joint Appendix at 7. Taxpayers appeal the dismissal of their petition and the denial of their motion to vacate.

■ The Commissioner's motion to dismiss for lack of jurisdiction was brought pursuant to Tax Court Rules 40 and 53, which allow a defense of lack of jurisdiction to be made by motion and provide for a motion to dismiss for cause. The Commissioner asserts, and we agree, that the hearing before the Tax Court on the Commissioner's motion was an evidentiary hearing in which the Tax Court could resolve the factual dispute over whether taxpayers' petition was timely mailed. This interpretation of Tax Court procedure is supported by case law under an analogous rule, Federal Rule of Civil Procedure 12(b)(1). This Court has stated that "on a Rule 12(b)(1) challenge to subject matter jurisdiction, the court is empowered to resolve factual disputes." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915–16 (6th Cir.1986) (citing *Williamson v. Tucker*, 645 F.2d 404 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981); *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884 (3d Cir.1977)). Furthermore, "the parties are free to supplement the record by affidavits." *Id.* at 916. Finally, this Court emphasized that "[t]he court has considerable leeway in devising procedures ... and may resort to written or live evidence submitted in connection with the motion." *Id.* at 918 (footnote omitted) (quoting *Gordon v. National Work Youth Alliance*, 675 F.2d 356, 363 (D.C.Cir.1982) (Robinson, J., concurring)).

■ In taxpayers' case, the Tax Court conducted a hearing on the Commissioner's motion to dismiss. Taxpayers received notice of the hearing and they chose not to appear. They filed a statement in lieu of appearance, pursuant to Tax Court Rule

50(c), and relied on their prior written submissions. The Tax Court made factual findings based on this record and concluded that taxpayers' petition was not timely mailed. We must affirm the Tax Court decision unless its findings are clearly erroneous. We hold that the Tax Court's finding of an untimely mailing is not clearly erroneous.

The Internal Revenue Code provides that timely mailing of a petition will be considered timely filing in certain circumstances. Specifically, section 7502 provides that if the petition is delivered by the United States Postal Service after the time in which it is required to be filed, but the postmark date is no later than the last day of the prescribed period, the postal service postmark date will be deemed the date of delivery. 26 U.S.C. § 7502(a). If the envelope has a private meter postmark, the date on that postmark wil be deemed the delivery date so long as receipt of the envelope is within the normal United States postal delivery time from the sender's location. Treas.Reg. § 301.7502–1(c)(iii)(b). Finally, the taxpayer may use certified mail to overcome the risk that the petition may not be postmarked on the day it is deposited with the postal service. The date of the postal service postmark on the sender's receipt is treated as the postmark and thus the delivery date. Treas.Reg. § 301.7502–1(c)(2).

In the case before this Court, the last day of the ninety-day filing period was July 1, 1985. The Court received and filed the petition on July 8, 1985. The envelope containing the petition had both a July 1 postmark and a July 2 postmark. Although the Tax Court agreed that the taxpayers had delivered the petition to the mail service on July 1, the date of taxpayers' delivery to the mail service is irrelevant. The Code does not provide for delivery with a private mail service as opposed to the United States Postal Service. The Tax Court found that the later postmark dated July 2 indicated that the private mail service had possession of the envelope until that date. We find this to be a reasonable inference. The Tax Court concluded that, because the postmark date of July 2 is later than the ninetieth day after the mailing of the deficiency notice, section 7502 is not applicable and the petition was not timely filed.

■ Taxpayers argue that under Treas. Reg. § 301.7502–1(c)(2) the postmark date on the sender's certified mail receipt is controlling. Indeed, a legible postmark may be contradicted by a postmarked sender's receipt. See Shipley v. Commissioner, 572 F.2d 212 (9th Cir.1977). In this case, however, the taxpayers do not have the sender's receipt to offer as evidence. They instead argue that extrinsic evidence should be admitted to prove the postmark date of the receipt. We disagree. The use of extrinsic evidence to establish the mailing date would defeat the purpose of the "timely mailing-timely filing" rules. The rules were "designed to avoid testimony as to the date of mailing in favor of tangible evidence in the form of an official government notation." Shipley, 572 F.2d at 214. In a case substantially similar to taxpayers' case, the Court of Appeals for the Ninth Circuit stated that "since the postmarked receipt itself has not been introduced into evidence the taxpayers are foreclosed from introducing secondary evidence of the existence of the receipt and of the date stamped thereon." Shipley, 572 F.2d at 214. See also Denman v. Commissioner, 35 T.C. 1140 (1961) (holding that where there was no official postmark on the sender's receipt, the date of the postmark on the envelope controlled).

The Tax Court dismissed taxpayers' petition and denied their motion to vacate because it found that the postmarks indicated an untimely mailing and that the date on the later postmark could not be contradicted by extrinsic evidence of the date on a sender's missing certified mail receipt. We hold that the findings of the Tax Court are not clearly erroneous and we affirm its decision dismissing taxpayers' case for lack of jurisdiction.