**Walter PESTRAK, Plaintiff,**

v.

**OHIO ELECTIONS COMMISSION, et al., Defendants.**

**No. C–2–84–0876.**

United States District Court, S.D. Ohio, E.D.

Jan. 6, 1988.

James Meele, Columbus, Ohio, for plaintiff.

Anthony Celebrezze, David Northrup, Thomas V. Martin, Columbus, Ohio, Paul E. Heltzel, Warren, Ohio, for defendants.

## MEMORANDUM AND ORDER

GRAHAM, District Judge.

In its memorandum and order filed on October 8, 1987, this Court declared part of Ohio Rev.Code § 3599.091 unconstitutional because it violated the free speech clause of the First Amendment. 670 F.Supp. 1368. On October 23, 1987, the Attorney General for the State of Ohio on behalf of the defendant Ohio Elections Commission filed a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e). In an order dated November 3, 1987, this Court stayed the implementation of its October 8 order pending a ruling on the defendant's motion. On November 23, 1987, the plaintiff filed a motion and memorandum in opposition to the defendant's motion along with a request that this Court vacate its stay. A hearing was held on these motions on December 21, 1987.

A timely-filed motion to alter or to amend judgment has been held to encompass a request that a court vacate, reconsider or even reverse its prior holding. *Foman v. Davis*, 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962); *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119 (6th Cir.1982); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *Keene v. Meese*, 619 F.Supp. 1111 (E.D.Cal.1985). "The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Huff*, 675 F.2d at 122.

In its motion to amend or to alter judgment, the defendant argues that the court should 1) limit its judgment to violations of Ohio Rev. Code § 3599.091(B); 2) permit the Ohio Elections Commission to continue accepting, for filing purposes only, complaints filed pursuant to R.C. § 3599.091; and 3) permit the commission to continue to make referrals to county prosecutors provided that the commission's findings are predicated upon clear and convincing evidence. Attached to the defendant's motion is the affidavit of the chairman of the Ohio Elections Commission who stated that, "Shortly after the Ohio Supreme Court issued its decision in *Scott v. The News–Harold, et al.*, [sic] Ohio St.3d (August 6, 1986), the Ohio Elections commission began requiring complaining parties to demonstrate by clear and convincing evidence that a statement is false and that the respondent either knew the statement to be false or entertained serious doubts as to its truth or falsity."

Defendant Ohio Elections Commission concedes that Ohio Rev.Code § 3599.091 is silent regarding the correct burden of proof, but that it is nevertheless facially constitutional. In support of this position the defendant cites the affidavit of its chairman and seeks to distinguish the language of the statute and the applicable regulations from the authorities upon which this Court rested its decision. The defendant also argues that the state has a compelling interest in regulating elections and that it is seeking to only control speech that is not protected by the First Amendment, i.e., speech which violates the standard first articulated in *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1963). In that decision, the Supreme Court held that a public official may not recover for defamation unless that official "proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.*, at 280, 845 S.Ct. at 726.

In the present statutory scheme the Ohio Legislature has created the Ohio Elections Commission, an administrative body, which investigates and adjudicates whether the

speech complained of meets the *New York Times* standard. If the commission finds a violation then it must either assess a fine or refer the matter to the county prosecutor who may then seek a criminal prosecution. Criminal violation of the statute is a misdemeanor of the first degree.

The Court must first look to the language of the statute. "Statutes should be construed to avoid constitutional questions, but this interpretative canon is not a license for the judiciary to rewrite language enacted by the legislature." *United States v. Albertini*, 472 U.S. 675, 680, 105 S.Ct. 2897, 2902, 86 L.Ed.2d 536 (1985); *Consumer Party v. Davis*, 778 F.2d 140 (3d Cir.1985). Ohio Rev.Code § 3599.091(B)(1)–(9) is silent with respect to any standard whatsoever to apply to the various speech subjects outlawed in these subdivisions. Section 3599.091(B)(10) does incorporate the language of *New York Times*. The plaintiff was charged with violation of division 3599.091(B)(10).

■ As previously explained in this Court's October 8th Memorandum and Order, the language of the enforcement sections of the statute, Ohio Rev.Code 3599.-091(C), (D) and (E), and that of the promulgated administrative regulations in combination with the judicial gloss put on the statute by an Ohio appellate court in *DeWine v. Ohio Elections Commission*, 61 Ohio App.2d 25, 399 N.E.2d 99 (1978), leads this Court to conclude that the wrong burden of proof is both permitted by the statute and sanctioned by the regulations of the Ohio Elections Commission. Accordingly, enforcement of the statute violates the free speech clause of the First Amendment.

A few more examples are illustrative. The administrative regulations of the Ohio Elections Commission provide for a standard of preponderance of the evidence and put the burden on the wrong party.

O.A.C. 111:1–1–04(C)(5) states:

At the conclusion of the complainant's case, a respondent may move to dismiss some or all of the allegations on the ground that a *preponderance of the evidence* before the commission fails to establish a violation. (emphasis added).

O.A.C. 111:1–1–04(D)(3) states:

The respondent may make a motion to dismiss one or all of the allegations on the basis that a *preponderance of the evidence* before the commission fails to establish a violation. (emphasis added).

O.A.C. 111:1–1–04(F) provides:

At the conclusion of each hearing, the commission shall announce its finding whether or not a violation occurred. If the commission finds a violation, it shall also announce the amount of any fine, the decision to refer the matter to the appropriate prosecuting authority, or a finding that *good cause* has been shown for the commission not to impose a fine or refer the matter for prosecution. (emphasis added).

If, as stated in the chairman's affidavit, the commission follows the *New York Times* standard, then it is violating its own regulations. Furthermore, the commission has been following the *New York Times* standard only since the decision in *Scott v. The News–Herald*, 25 Ohio St.3d 243, 496 N.E.2d 699 (1986), yet the "actual malice" test of *New York Times* was clearly established twenty two years earlier in 1964. There is nothing to prevent a different chairman and commission at a different time from unilaterally adopting a different test. Neither the statute with its many amendments nor the administrative regulations adopted by the Ohio Elections Commission adequately reflect the correct legal standard.

If this Court were to ignore the language of the statute, the appellate decision in *DeWine, supra*, and the administrative regulations, then it would be rewriting a statutory scheme and creating distinctions where none exist.

In its October 8, 1987 decision, this Court held that the plaintiff has standing to attack the current version of Ohio Rev.Code § 3599.091. As stated on page three of the decision, "Section 3599.091 for the most part forbids false statements by candidates with respect to specific topics. However, Division B(10), which the plaintiff was

 

found guilty of violating, applies to unenumerated topics." The Court proceeded to discuss the correct standard of proof required under the *New York Times* standard and held that, "The uncertainty of the language of Ohio Rev.Code § 3599.091 and the construction of it by Ohio courts results in a statute that does not impose the correct burden of proof." The Court did not specifically address the provisions of § 3599.091(A) which apply to what are known as "dirty tricks." Rather, the Court limited its discussion to speech which is covered by Division (B). This Court's analysis of the constitutionally required burden of proof with respect to B(10) applies equally to the specific topics listed in B(1–9) since they too deal with speech during a political campaign. It should be further noted that these sections unlike B(10) do not incorporate the *New York Times* "actual malice" standard and they are, therefore, facially unconstitutional.

■ The defendants have requested a clarification of this Court's ruling and in response to that request this Court modifies its holding as follows: This Court holds that all the provisions of Ohio Rev. Code § 3599.091(B) as enforced by divisions (C), (D), and (E) of § 3599.091 are unconstitutional because they require an administrative adjudication which constitutes a prior restraint and burden on constitutionally protected speech, and because they and the applicable regulations permit liability to be assessed upon evidence that is less than clear and convincing.

This holding does not affect the constitutionality of § 3599.091(C), (D) and (E) in the enforcement of § 3599.091(A) or any other statutes that are enforced by the Ohio Elections Commission.

The Court's ruling of October 8, 1987 remains in effect except as clarified. The defendant's motion to alter and amend that ruling is DENIED in all other respects and

the plaintiff's motion to vacate this Court's stay is GRANTED.

It is so ORDERED.