**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**ARGENT INDUSTRIES, INC., Defendant.**

**No. C–3–87–364.**

United States District Court, S.D. Ohio, W.D.

June 23, 1989.

Elliott V. Porter, Cleveland, Ohio, for plaintiff.

Thomas E. Jenks, Thomas M. O'Diam, Dayton, Ohio, for defendant.

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION (DOC. # 40), UNDER CIVIL RULE 59(e), TO ALTER OR AMEND JUDGMENT OF AUGUST 23, 1988 (DOC. # 38) FOR THE LIMITED PURPOSE OF CLARIFYING SAME; DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION TO THE EXTENT IT SEEKS AN ORDER VACATING DISMISSAL OF CAPTIONED CAUSE; CAPTIONED CAUSE REMAINS DISMISSED FOR LACK OF THIS COURT'S SUBJECT MATTER JURISDICTION

RICE, District Judge.

On August 23, 1988, this Court filed its Decision and Entry sustaining Defendant's Motion to Dismiss for reason of lack of this Court's subject matter jurisdiction and dismissing the case with prejudice (Doc. # 38). Now pending before the Court is Plaintiff's Motion "Under Civil Rule 59(e), For an Order Vacating its Judgment of Dismissal of this Case ... and to enter instead an Order overruling Defendant Argent Industries, Inc.'s Motion to Dismiss" (Doc. # 40). For reasons briefly set forth below, this Court will grant Plaintiff's motion to alter or amend its judgment pursuant to Rule 59(e), for the limited purpose of clarification of that judgment, and will overrule Plaintiff's motion to the extent that it seeks an Order vacating the judgment of the dismissal of this case.

"Rule 59 provides a procedure whereby the Court can correct manifest errors of law or fact or consider the import of newly discovered evidence." *F/H Industries, Inc. v. National Union Fire Insurance Company*, 116 F.R.D. 224, 226 (N.D.Ill.1987); *Milwee v. Peachtree Cypress Investment Company*, 510 F.Supp. 284 (E.D.Tenn.1978), *aff'd*, 644 F.2d 885 (6th Cir.1981). Motions under Rule 59 are not intended to be utilized to relitigate issues previously considered. *Milwee*, at 290. Rule 59(e) encompasses motions which seek reconsideration of a ruling, vacation of a judgment in favor of one party, and entry of judgment in favor of an opposing party. *Greengrass Enterprises v. Rotfeld*, 83 F.R.D. 159, 161 (E.D.Pa.1979); *see also Pestrak v. Ohio Elections Commission*, 677 F.Supp. 534, 535 (S.D.Ohio 1988). Courts have granted motions to alter or amend a judgment pursuant to Rule 59(e) for the limited purpose of clarifying an earlier judgment. *Pestrak* at 537.

In its August 23, 1988, decision, this Court granted Defendant's Rule 12(b)(1) motion and dismissed the case for lack of subject matter jurisdiction based on this Court's determination that Argent was not an employer with "twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year" as required for application of the provisions of the Age Discrimination in Employment Act (ADEA). 29 U.S.C. § 630(b). Plaintiff now argues that in reaching its decision, the Court improperly resolved a disputed issue of fact and that claims based on a federal statute which confers jurisdiction cannot be dismissed for lack of subject matter jurisdiction (Doc. # 40, p. 2).

In its decision, the Court cited the opinions of the Sixth Circuit in *Redman v. Commissioner of Internal Revenue*, 820 F.2d 209 (6th Cir.1987) and *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913 (6th Cir.

1986) for the proposition that on a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1), the court may consider materials outside the pleadings and may resolve factual disputes going to the jurisdictional question (Doc. # 38, p. 3). *Redman,* as Plaintiff notes (Doc. # 40, p. 6), was decided under Tax Court Rules 40 and 53, but that decision was based on a determination by the Court of Appeals that its interpretation of the Tax Court Rules was "supported by case law under an analogous rule, Federal Rules of Civil Procedure 12(b)(1) . . . [wherein] the court is empowered to resolve factual disputes." *Redman* at 211. *Rogers,* as Plaintiff notes (Doc. # 40, p. 7), dealt with a state law cause of action, but the Motion to Dismiss was brought under Federal Rule 12(b)(1) and decided according to the standards established by federal law, which the Sixth Circuit specifically held dictate "that with an appropriate Rule 12(b)(1) motion a court can and should *resolve* factual disputes." *Rogers* at 918.

Plaintiff contends that "claims based on a federal statute which confers jurisdiction cannot be dismissed for lack of subject matter jurisdiction" (Doc. # 40, p. 2), relying on *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Plaintiff's reliance on *Bell v. Hood* suggests that Plaintiff means to make the argument, nowhere expressly articulated in its pleadings, that the statutory definition of employer in 29 U.S.C. § 630(b) represents not a jurisdictional requirement but a requirement in establishing the elements of Plaintiff's claim. The Court believes that Plaintiff would have the Court find that jurisdiction under the ADEA is established simply by a claim of age discrimination in employment. Under such a theory, there could be no motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1), upon the basis that the employer lacked the requisite number of employees. A complaint containing a claim of age discrimination in employment would be subject to dismissal on a 12(b)(1) motion, if at all, only "where the alleged claim under the Constitution or federal statutes [here, the ADEA] clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood,* at 682–83, 66 S.Ct. at 776. In this case, the Court is not prepared to hold that Plaintiff's claim of age discrimination is "clearly . . . immaterial . . . or wholly insubstantial and frivolous."

Under the Plaintiff's theory, an issue as to whether the Defendant was an employer for purposes of the ADEA would then have to be raised on a 12(b)(6) motion for dismissal for failure to state a claim upon which relief could be granted, on the grounds that Plaintiff failed to allege an element of the claim, or where, as in the instant case, determination of the issue would entail consideration of affidavits and other materials outside the pleadings, on a motion for summary judgment under Rule 56 (either filed as such or converted under Rule 12(c) from a 12(b)(6) motion to dismiss). Defendant in the instant case has made a Motion for Summary Judgment (Doc. # 43), to be considered if this Court should vacate its previous dismissal for lack of subject matter jurisdiction.

On a motion for summary judgment, the moving party would bear the burden to set forth facts to show "that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-movant to demonstrate that there exists a genuine issue as to material fact, that is, a factual issue that requires submission of the case to the finder of fact because it might "reasonably be resolved in favor of either party" (*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)) and because it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby,* at 248, 106 S.Ct. at 2510. On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* at 255, 106 S.Ct. at 2513. The Court could not make credibility determinations, weigh

evidence, or make conclusions based on inferences from the facts. *Id.*

▮ In contrast, if the issue is jurisdictional and is properly brought before the Court on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), consideration of materials outside the pleadings does not convert the motion into one for summary judgment, the burden remains on the plaintiff to prove jurisdiction in order to survive the motion, and the court is empowered to resolve factual disputes. *Rogers v. Stratton Industries, Inc.*, 798 F.2d at 915–16.

If the Court were to accept Plaintiff's theory that the issue of whether or not Defendant was an employer for purposes of the ADEA was an element of Plaintiff's claim and that the issue would be properly considered by this Court only on a motion for summary judgment, Plaintiff's case would not survive the motion for summary judgment. Using the standard applicable on a motion for summary judgment, the Court would conclude that there exists no genuine issue of material fact, that is, no factual dispute that would affect the outcome of the suit under the governing law.

In its decision on Defendant's 12(b)(1) motion that, as a matter of law, the integrated enterprise theory (which in this case would result in the counting of employees of ATI Electra and REH Electra along with those of Defendant Argent in determination of whether Defendant was an employer for purposes of the ADEA (Doc. # 30, p. 2)) was not applicable in this case, this Court *did* weigh the evidence submitted by the opposing parties (Doc. # 38, p. 2). This would be inappropriate on a motion for summary judgment, and, the Court would have to proceed on the assumption that the integrated enterprise theory *was* applicable for purposes of a motion for summary judgment.

The decision reached by this Court on Defendant's 12(b)(1) motion that this theory was not applicable, however, was not dispositive to the determination of that motion in view of the Court's prior determination that

[e]ven if the three corporations, which Plaintiff contends are an "integrated enterprise," are considered as one for the purposes of subject matter jurisdiction, this Court is satisfied that at no time during the calendar years 1983 and 1984 did all three companies, considered as an entity, employ more than nineteen full-time employees.

(Doc. # 38, pp. 1–2). Because the determination that Defendant was not an employer for purposes of the ADEA could be made even by assuming the truth of Plaintiff's evidence regarding the integrated enterprise theory, a dispute as to the facts upon which the application of the theory rested would not be a dispute of material fact which would affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct. at 2510.

Assuming applicability of the integrated enterprise theory, as would be required on a motion for summary judgment, there was no genuine issue of material *fact* as to the number of individuals employed by the three corporations, but rather a disputed issue of *law* as to how employees should be counted for purposes of defining an employer under the ADEA. Resolution of a disputed issue of law would, of course, be unaffected by whether the motion raising the issue was brought under Rule 12(b)(1), 12(b)(6), 56, or, as on Plaintiff's current motion, 59.

In resolving the issue of how employees should be counted, raised in Defendant's 12(b)(1) motion, the Court considered, and has now, on Plaintiff's 59(e) motion, reconsidered, the Title VII cases cited by Plaintiff in support of its argument that part-time employees should be counted for purposes of the ADEA (see, e.g., Doc. # 36, p. 3) and the Court has concluded, as did the court in *Zimmerman v. North American Signal Co.*, 704 F.2d 347, 353–54 (7th Cir. 1983), that the law is clear that, with consideration for the statutory language, including the phrase "for each working day" (29 U.S.C. § 630(b)),

part-time hourly paid employees, who did not work every day of the week, are not to be considered in the computation of

the number of employees to determine if, within 29 U.S.C. § 630(b), the Defendant–Employer is an "employer" within the meaning of the ADEA, as a person who "has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar years."

(Doc. # 38, p. 2).

Based on its legal determination as to how employees are to be counted, the Court has concluded that there has been no showing that Defendant, even if Defendant is considered to comprise all three corporations, had "twenty or more employees for each working day in each of twenty or more calendar weeks" in 1983 or 1984. Thus, even if the Court accepted Plaintiff's theory that the issue of whether Defendant was an employer for purposes of the ADEA should be considered only on a motion for summary judgment, the Court would conclude that there is no genuine issue as to *material* fact and that Defendant would be entitled to judgment as a matter of law.

As noted, Defendant has made a Motion for Summary Judgment (Doc. # 43), to be considered if this Court should vacate its previous dismissal for lack of subject matter jurisdiction. The Court maintains, however, that the definition of employer in 29 U.S.C. § 630(b) is more properly addressed as a jurisdictional element—that is, the ADEA simply does not confer jurisdiction over claims of age discrimination in employment against persons who are not "employers" under the Act—rather as an element of Plaintiff's claim, *see* discussion in *Rogers v. Stratton Industries, Inc.*, at 915–17, and the Court also notes that other courts have granted motions to dismiss under Rule 12(b)(1) where the statutory definition of employer under the ADEA has not been met. *See McGraw v. Warren County Oil Company*, 707 F.2d 990 (8th Cir.1983); *Schoenbaum v. Orange County Center for Performing Arts*, 677 F.Supp. 1036 (C.D.Calif.1987). The issue of whether or not Defendant had the requisite number of employees either alone or as an integrated enterprise comprising three cor-

porations, is in no way intertwined with the gravamen of Plaintiff's complaint, that he was discriminated against with respect to his employment because of his age.

Accordingly, this Court hereby grants Plaintiff's Motion to Alter or Amend (Doc. # 40) its Decision of August 23, 1988 (Doc. # 38) for the limited purpose of clarifying that decision by incorporating the preceding discussion herein, and overrules Plaintiff's Motion in all other respects. The August 23, 1988, Decision of this Court granting Defendant's Motion under Federal Rule of Civil Procedure 12(b)(1) will not be vacated and this case remains dismissed, with prejudice, for reason of lack of this Court's subject matter jurisdiction.