920 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rita D. KOULIZOS, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 90-1415.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr., and NATHANIEL R. JONES, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 2
 Rita D. Koulizos, a pro se Michigan taxpayer, appeals the order of the United States Tax Court dismissing her petition for a redetermination of deficiency. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On April 7, 1989, the Commissioner of Internal Revenue mailed a notice of deficiency in the amount of $872 plus interest and penalty for the tax year ending December 31, 1986. The notice was sent by certified mail to Koulizos at her last known address. Subsequently, Koulizos sent a request for a petition and court rules to the tax court. This request was dated October 25, 1989 and postmarked October 27, 1989. The court treated the request as Koulizos's petition for a redetermination of the deficiency and filed it October 30, 1989--206 days after the notice was mailed.
 
 
 4
 Upon the Commissioner's motion, the tax court dismissed Koulizos's petition for lack of jurisdiction in an order filed February 23, 1990. Koulizos's request for reconsideration was denied on March 14, 1990. She filed a timely appeal.
 
 
 5
 On appeal, Koulizos argues that the tax court erred in strictly construing the statutory time limit for contesting a notice of deficiency in the tax court, and in thus finding her petition untimely.
 
 
 6
 We shall affirm the tax court's order of dismissal because that court lacked jurisdiction over Koulizos's petition due to her untimely filing.
 
 
 7
 Section 6213(a) of the Internal Revenue Code provides that a petition for a redetermination of deficiency must be filed in the tax court within 90 days after the notice of deficiency is mailed. The time restraint on the filing of a tax court petition is jurisdictional and the tax court has no authority to extend it. Redman v. Commissioner, 820 F.2d 209, 210 n. 1 (6th Cir.1987); Rice v. Commissioner, 572 F.2d 555, 556 (6th Cir.1978).
 
 
 8
 Upon review, we conclude the tax court's findings are not clearly erroneous. The record supports the court's findings that the Commissioner mailed the notice of deficiency to Koulizos's last known address, as required by Sec. 6212, and that she did not file her petition until well after 90 days had passed. Actual receipt of the notice by the taxpayer is not required by statute. Pomeroy v. United States, 864 F.2d 1191, 1195 (5th Cir.1989).
 
 
 9
 Koulizos is not without redress, however. She may pay the assessment and sue for a refund in the district court or claims court. Commissioner v. McCoy, 484 U.S. 3, 7 (1987).
 
 
 10
 Accordingly, the tax court's order dismissing Koulizos's petition for lack of jurisdiction is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allen Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation