**KEWEENAW BAY INDIAN COMMUNITY, Plaintiff,**

v.

**STATE OF MICHIGAN, the Michigan Natural Resources Commission, Department of Natural Resources, and Director, Michigan DNR, and Alan Newago, Tom Newago, Jack Pero, Mike Peterson, Cecil Peterson, Gilmore Peterson, Duane Peterson and Earl Livingston, Defendants.**

No. 2:91–CV–28.

United States District Court,
W.D. Michigan, N.D.

Nov. 23, 1992.

---

Joseph P. O'Leary, Keweenaw Bay Indian Community Tribal Center, Baraga, MI, William Rastetter, Cedar, MI, for plaintiff.

Kevin T. Smith, Thomas J. Emery, Frank J. Kelley, Atty. Gen. Natural Resources Div., Lansing, MI, for State of Mich., Dept. of Natural Resources.

James M. Jannetta, Sault Ste Marie Tribe of Chippewa Indians, Sault Ste Marie, MI, for Thomas Newago, Alan Newago, Jack Pero.

Frances L. Wells, Missoula, MT, for Mike Peterson, Cecil Peterson, Gilmore Peterson, Duane Peterson, Earl Livingston.

David J. Siegler, Bad River Band of Lake Superior Tribe of Chippewa Indians, Office of Tribal Atty., Odanah, WI, for Donald Moore, Sr.

Milton D. Rosenberg, Madison, WI, for Patricia Deperry.

## *OPINION*

ROBERT HOLMES BELL, District Judge.

On August 17, 1992 this Court entered a judgment dismissing Plaintiff's complaint against the commercial fishermen defendants for failure to join indispensable parties, the Bad River and Red Cliff Tribes. Plaintiff has filed a motion pursuant to F.R.Civ.P. 59(e) to alter or amend judgment.

■ Rule 59(e) provides a procedure for correcting manifest errors of law or fact or considering the import of newly discovered evidence. *E.E.O.C. v. Argent Industries, Inc.*, 746 F.Supp. 705, 706 (S.D.Ohio 1989).

A motion to alter or amend judgment made pursuant to Fed.R.Civ.P. 59(e) may be made for one of three reasons:

> 1) an intervening change of controlling law; 2) evidence not previously available has become available; or 3) it is necessary to correct a clear error of law or prevent manifest injustice.

*Weyerhaeuser Corp. v. Koppers Co.*, 771 F.Supp. 1406, 1419 (D.Md.1991).

A motion under Rule 59(e) is not intended to be utilized to relitigate issues previously considered. *Argent Industries*, 746 F.Supp. at 706. Neither should it be used as a vehicle for submitting evidence which in the exercise of reasonable diligence could have been submitted before. *Weyerhaeuser*, 771 F.Supp. at 1419. As the court stated in *Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D.Ohio 1991), where the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal.

In this motion Plaintiff requests the Court to reconsider its dismissal of the commercial fishermen defendants and to allow the case to proceed. The arguments Plaintiff raises in support of the motion are essentially the same as those presented in opposition to

defendants' motions to dismiss. Plaintiff's motion is not based upon a change in the controlling law.

Although Plaintiff has attached numerous exhibits to its motion, Plaintiff does not assert that there has been a change of facts since submission of the issues to the Court. All 5 of the affidavits attached to the motion could have been presented prior to the Court's decision on the motions to dismiss.

■ Plaintiff contends that this motion is proper because it is an effort to correct clear error of law and to prevent manifest injustice. Plaintiff contends that this Court's dismissal of the commercial fishermen was premised in part on two erroneous assumptions: (1) that the commercial fishermen defendants are fishing in KBIC's "home waters" as a matter of right and not by permission; and (2) that there is no case law supporting the "home waters" theory.

Plaintiff misconstrues this Court's opinion. At no time has this Court determined that the commercial fishermen defendants are fishing in the Michigan waters of Lake Superior as a matter of right. All the Court determined was that the absent bands have a colorable claim to an interest in fishing the Michigan waters of Lake Superior. Neither has the Court rejected the concept of KBIC's "home waters". The Court deliberately avoided making a determination on the merits of Plaintiff's "home waters" claim. The Court merely determined that the concept of "home waters" was not so established that the absent tribes' claim of a right to fish in the waters was, on its face, utterly without merit.

Even if this Court were to accept Plaintiff's argument that it could not anticipate the necessity for presenting the evidence attached to this motion earlier, the evidence presented does not change the Court's analysis. The evidence Plaintiff has presented with this motion regarding "home waters" is far from definitive. It is at best a developing theory that is still tentative and not universally accepted. Plaintiff's expert, Robert Doherty, acknowledges the lack of unanimity on the topic. Doherty quotes Charles F. Wilkinson and Edmund Danziger in his affidavit as referring to fishing grounds as "common

property". He quotes Thomas Vennum as stating that the Chippewas did not claim "ownership of the water, so fishing with spears from a canoe or with nets overnight was open to all throughout the year."

The issue of "home waters" is clearly open to different opinions. The evidence Plaintiff has presented gives the Court that much more reason to believe that resolution of this issue in the absence of the Bad River and Red Cliff bands would, as a practical matter impair or impede the absent bands' ability to protect that interest or leave the other parties to the suit subject to a substantial risk of incurring multiple or inconsistent obligations by reason of the absent bands' claimed interest.

Defendants Donald Moore, Sr. and the Bad River fishers, Alan Newago, Tom Newago and Jack Pero, have moved for sanctions against Plaintiff under F.R.Civ.P. 11.

■ The central purpose of Rule 11 is to deter baseless filings in district court. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990). "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Id.*

■ In view of the complexity of the issues, the lack of clear precedent, and the historical ambiguity involved in the issues presented by this case, the Court does not believe that sanctions are warranted. Although the Court does not believe its original decision was erroneous, Plaintiff's effort to present its theory, though unsuccessful, is neither unreasonable nor improper.

An order consistent with this opinion will be entered.

### ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

In accordance with the opinion entered this date,

IT IS HEREBY ORDERED that Plaintiff's motion to alter or amend judgment (Docket # 70) is DENIED.

IT IS FURTHER ORDERED that Defendants' motions for sanctions (Docket #'s 75 & 76) are DENIED.