CADENCE BANK, N.A., Plaintiff,

v.

LATTING ROAD PARTNERS,
LLC et al., Defendants.

No. 2:09–cv–02540.

United States District Court,
W.D. Tennessee,
Western Division.

March 31, 2010.

Kenneth P. Jones, Lancelot L. Minor, III, Bourland Heflin Alarez Minor & Matthews, Memphis, TN, for Plaintiff.

Allan J. Wade, Brandy S. Parrish, J. Gordon Howard, Allan J. Wade, PLLC., Memphis, TN, for Defendants.

### ORDER DENYING DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT

BERNICE BOUIE DONALD, District Judge.

Before this Court is the Motion to Alter or Amend Judgment filed by Defendants Latting Road Partners, LLC *et al.* ("Defendants") on March 29, 2010. (D.E. # 26.) For the reasons stated herein, Defendants' motion is **DENIED.**

## I. BACKGROUND

Plaintiff Cadence Bank, N.A. ("Plaintiff") filed suit against Defendants on August 19, 2009. On October 28, 2009, Plaintiff filed a motion for summary judgment against all Defendants. Defendants then moved to conduct discovery under Fed. R.Civ.P. 56(f). Over Plaintiff's opposition, the Court granted Defendants' motion and allowed Defendants until January 31, 2010 to conduct targeted discovery for purposes of responding to Plaintiff's summary judgment motion. Defendants filed a response to Plaintiff's motion for summary judgment on January 31, 2010. On February 11, 2010, Plaintiff moved for leave to file a reply to Defendants' response and attached its proposed reply to its motion.[1] The Court granted Plaintiff's request on February 11th and deemed Plaintiff's reply to be filed the same day. Nineteen days later, on March 2, 2010, the Court entered an order granting Plaintiff summary judgment against all Defendants.

## II. LEGAL STANDARD

■ A motion to alter or amend under Rule 59 of the Federal Rules of Civil Procedure may be granted for any of three reasons: (1) if there is a clear error of law; (2) newly discovered evidence or an intervening change in controlling law; or (3) to prevent a manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir.1999). Granting a Rule 59 motion "is an extraordinary remedy which should be used sparingly" and is not to be used in an effort "to relitigate old matters, or to present evidence that could have been raised prior to the entry of the judgment." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995) (footnotes omitted); *see Hawkins v.*

*Tenn. Bd. of Prob. & Paroles*, No. 07–2326–B/P, 2008 WL 313453, at *1 (W.D.Tenn. Feb. 1, 2008). "[W]here the movant is attempting to obtain complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal." *Keweenaw Bay Indian Community v. Michigan*, 152 F.R.D. 562, 563 (W.D.Mich.1992), *aff'd*, 11 F.3d 1341 (6th Cir.1993) (citations omitted).

## III. ANALYSIS

■ Defendants move under Rule 59 of the Federal Rules of Civil Procedure to have the Court set aside its order of March 2, 2010 granting Plaintiff's motion for summary judgment. Defendants argue that they were entitled to file a sur-reply to the reply Plaintiff filed in support of its summary judgment motion and that the time between the reply (February 11, 2010) and entry of the Court's order (March 2, 2010) was too brief for Defendants to file their sur-reply. The amount of time allowed for their sur-reply, Defendants contend, should have been thirty days—the amount of time allowed under the Local Rules to file a response to a motion for summary judgment—or at the very least twenty-one days—the amount of time allowed for a response under Fed. R.Civ.P. 56(c), which applies in the absence of a local rule or court order.

The Local Rules for the Western District of Tennessee do not contemplate the filing of replies or sur-replies. *See* W.D. Tenn. L.R. 7.2(d). The Rule 16(b) Scheduling Order entered in this case expressly prohibits further filings after a response absent leave of the Court, stating: "The opposing party may file a response to any motion filed in this matter. Neither party

---

1. As Defendants' response raised issues not previously addressed in Plaintiff's original motion, a reply was clearly appropriate.

may file an additional reply, however, without leave of the court. If a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required." (Rule 16(b) Scheduling Order, Nov. 10, 2009.) Thus, Defendants could presume no right to file a sur-reply.

If Defendants desired to file a sur-reply, they were obliged to seek permission from the Court. Defendants could also have moved to strike Plaintiff's reply if they believed that it was improper. Defendants' failure to take any action following the filing of Plaintiff's reply, however, was a clear indication that they were content to rest on the record as it was then constituted. The Court takes seriously its responsibility to address promptly the matters pending before it, but this cannot be done if the Court delays a ruling on the mere possibility that a party will eventually seek to file a sur-reply.

Defendants rely upon the case of *Seay v. Tennessee Valley Authority*, 339 F.3d 454 (6th Cir.2003). In *Seay*, the Sixth Circuit held that entering summary judgment only three days after the filing of a reply accompanied by new evidence did not allow the nonmoving party sufficient time to respond. *Id.* at 481–82. *Seay* does not afford a nonmoving party any particular amount of time within which to respond to evidence submitted with a reply, and *Seay* certainly does not hold that the filing of new evidence with a reply entitles the nonmoving party to the same amount of time that would have been allowed for filing a response. Instead, *Seay* merely states that a trial court must allow the nonmoving party an "adequate opportunity to respond to that new evidence." *Id.* at 482. The new evidence submitted with

Plaintiff's reply in the instant case consisted of a single declaration barely three pages in length. Nineteen days was a more than adequate amount of time for Defendants to review this new submission and then file a brief motion for leave to file a sur-reply or even a motion to strike.[2]

In point of fact, Defendants' motion does not affirmatively represent that a sur-reply was forthcoming before the Court ruled on the motion for summary judgment. Defendants also fail to identify, let alone provide, the arguments and/or evidence its sur-reply would have presented. Thus, even assuming *arguendo* that the Court should have waited a few more days before entering summary judgment, Defendants have not shown that they were prejudiced by the timing of the Court's ruling.

## IV. CONCLUSION

Accordingly, Defendants have demonstrated no basis for relief under Fed. R. Civ. 59 or otherwise, and Defendants' motion to alter or amend judgment is **DENIED.**

---

**2.** Unlike Defendants in the instant case, the nonmoving party in *Seay* had sought to strike the movant's reply as improper, and the trial court denied that motion. *Seay,* 339 F.3d at 481.