T.C. Memo. 2000-348

UNITED STATES TAX COURT

DONNA J. HENDLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3877-00.                     Filed November 9, 2000.

<u>Jeffrey G. Williams</u>, for petitioner.

<u>Ronald L. Buch, Jr.</u> and <u>Erin K. Huss</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion to Dismiss for Lack of Jurisdiction, filed
May 30, 2000.  As discussed in detail below, we shall grant
respondent's motion to dismiss.[1]

-------------------------

[1]  All section references are to the Internal Revenue Code,
as amended, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

Background

On January 6, 2000, respondent mailed a notice of deficiency to Donna J. Hendley (petitioner) determining a deficiency of $49,053 in her Federal income tax for 1995. There is no dispute that respondent mailed the notice to petitioner at her last known address.

On April 7, 2000, the Court received and filed a petition submitted on petitioner's behalf by her counsel, Jeffrey G. Williams (Mr. Williams). The petition is dated April 5, 2000.

The petition arrived at the Court in an envelope bearing sufficient postage, a priority mail sticker, and multiple U.S. Postal Service postmarks all dated April 6, 2000. The legend around the perimeter of the postmarks states: "USPS MESA AZ. STA. NO. 10". At the time that the petition was filed, petitioner resided in Flagstaff, Arizona.

Respondent filed a Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not filed within the 90-day period prescribed in section 6213(a). Petitioner filed an objection to respondent's motion to dismiss, accompanied by an affidavit executed by Mr. Williams, asserting that the petition was timely mailed to the Court on April 5, 2000. Mr. Williams' affidavit states in pertinent part that on April 5, 2000, at approximately 4:30 p.m., he delivered the petition to a so-called contract postal unit maintained at a small retail store

known as Impressive Greetings, located at 1225 South Alma School Road, Mesa, Arizona. Mr. Williams further states that, at the time he mailed the petition, he saw the clerk affix a postmark on the envelope.

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and offered argument in support of respondent's motion to dismiss. Although no appearance was entered by or on behalf of petitioner at the hearing, petitioner did file a written statement with the Court pursuant to Rule 50(c). Following the hearing, the Court directed the parties to file responses providing additional details regarding the postal services provided at Impressive Greetings.

Both parties filed responses as directed by the Court. Respondent's response was accompanied by a declaration executed by Michael J. Noggle (Mr. Noggle), identified as a co-owner of Impressive Greetings. Mr. Noggle's declaration states that the services provided by Impressive Greetings as a contract postal unit are the equivalent of services provided by the U.S. Postal Service. The declaration further states that the contract postal unit at Impressive Greetings processes regular, priority, and express mail, as well as registered and certified mail. With regard to the practices and procedures employed by the contract postal unit at Impressive Greetings, the declaration states:

5. The main post office branch in Mesa, Arizona picks up mail from our contract postal unit twice a day. Once at 2:15 p.m., and again at 4:30 p.m. The 4:30 p.m. pick-up is the last mail pick-up of the day. There is a visible sign on the wall in the back of the contract postal unit telling customers that the pick-up times are at 2:15 p.m. and 4:30 p.m.

6. Impressive Greetings is open for business until 5:00 p.m. Monday through Friday.

*   *   *   *   *   *   *

8. Our policy is to turn our hand-stamp postmark date to the next day at 4:30 p.m. This way, any mail that goes out with the 4:30 p.m. mail has the current day's postmark on it. The mail that arrives after the main post office has done their pickup should have the following day's postmark on it. The changing of the postmark date stamp at this time is in conformity with the direction of the Mesa, Arizona, United States Post Office. We are not supposed to predate or postdate mail. The postmark should reflect the date that the mail will be picked up from our establishment by the Mesa, Arizona, United States Post Office.

Mr. Noggle's declaration includes a sample of the postmark used by the postal contract unit at Impressive Greetings. The sample postmark matches the postmark on the envelope bearing the petition in this case.

This matter was called for a second hearing at the Court's motions session in Washington, D.C. Counsel for respondent again appeared and offered argument in support of respondent's motion to dismiss. Although no appearance was entered by or on behalf of petitioner at the hearing, petitioner again filed a written statement with the Court pursuant to Rule 50(c).

## Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer at the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). The taxpayer, in turn, generally has 90 days from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. See sec. 6213(a).

There is no dispute that respondent mailed the notice of deficiency to petitioner at her last known address on January 6, 2000. Accordingly, the 90-day period for filing a timely petition with the Court expired on Wednesday, April 5, 2000. See sec. 6213(a). The petition in this case was not filed until April 7, 2000.

Although the petition was not timely filed, petitioner maintains that the petition was mailed to the Court on April 5, 2000--the 90th day after the mailing of the notice. Petitioner

offered circumstantial evidence that Mr. Williams delivered the petition to the contract postal unit at Impressive Greetings late in the afternoon on April 5, 2000.

Section 7502 provides that, under certain circumstances, a timely-mailed petition will be treated as though it were timely filed.  Section 7502(a) states in pertinent part:

> SEC. 7502(a).  General Rule.--
>      (1) Date Of Delivery.--If any return, claim, statement, or other document required to be filed, * * * within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, * * * the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.

In sum, section 7502(a) provides that if a petition is delivered to the Court by the U.S. Postal Service, then the date of the postmark stamped on the envelope bearing the petition shall be deemed the date of delivery.[2]  See sec. 301.7502-1(c)(1)(iii)(a), Proced. & Admin. Regs., which provides, in part, that "If the postmark does not bear a date on or before the last date, or the last day of the period, prescribed for filing the document, the

---

[2]  Sec. 7502(c) provides an additional safeharbor where a taxpayer mails his petition to Court using certified or registered mail.  Because Mr. Williams concedes that he did not use certified or registered mail in this case, we need not consider sec. 7502(c).

document will be considered not to be filed timely, <u>regardless of when the document is deposited in the mail</u>." (Emphasis added.)

Based upon the record presented, we conclude that the petition was not timely filed pursuant to section 7502(a). Simply put, the U.S. Postal Service postmark date of April 6, 2000, affixed to the envelope bearing the petition, is conclusive proof that the petition was not timely filed under section 7502(a).

Petitioner offers extrinsic evidence that the petition was timely mailed on April 5, 2000. Although we allow extrinsic evidence to prove the date of mailing where an envelope lacks a postmark or the postmark is illegible, see <u>Sylvan v. Commissioner</u>, 65 T.C. 548, 553-555 (1975), such evidence is irrelevant in this case inasmuch as the envelope bears legible U.S. Postal Service postmarks dated after the 90th day prescribed for filing a timely petition. See <u>Shipley v. Commissioner</u>, 572 F.2d 212 (9th Cir. 1977); <u>Drake v. Commissioner</u>, 554 F.2d 736 (5th Cir. 1977); <u>Kahle v. Commissioner</u>, 88 T.C. 1063 (1987); <u>Wiese v. Commissioner</u>, 70 T.C. 712 (1978); <u>Hamilton v. Commissioner</u>, T.C. Memo. 1982-201. In conjunction with the foregoing, we note that the April 6, 2000 postmark date, a date 1 day before the petition was delivered to the Court, is not overtly erroneous on its face. See <u>Harrison v. Commissioner</u>, T.C. Memo. 1990-458 (private postage meter postmark on envelope

bearing a petition was treated as a nullity where the petition was delivered to the Court more than a week before the date of the postmark).

Petitioner cites Anderson v. Commissioner, 966 F.2d 487 (9th Cir. 1992), for the proposition that she has offered sufficient evidence to invoke the common-law "mailbox" rule. Petitioner's reliance on Anderson v. Commissioner, supra, and the mailbox rule is misplaced.

The question presented in Anderson v. Commissioner, supra, was whether the taxpayer would be permitted to present extrinsic evidence of the date of mailing of a tax return where the Commissioner had no record of having received the return. Under the facts presented in that case, the Court of Appeals for the Ninth Circuit (1) rejected the Commissioner's argument that section 7502 presented the sole means for the taxpayer to prove the date of mailing of the missing tax return, and (2) allowed the taxpayer's extrinsic evidence. After sustaining the district court's holding that the taxpayer had established the date of mailing, the Court of Appeals went on to sustain the District Court's holding that the taxpayer could rely on the rebuttable presumption under the common law mailbox rule that a document properly and timely mailed is received by the addressee.

Contrary to petitioner's position, Anderson v. Commissioner, supra, does not stand for the broader proposition that a taxpayer

may offer extrinsic evidence to rebut the date of a postmark affixed to an envelope bearing a petition filed with the Court. Indeed, in the course of its analysis, the Court of Appeals in Anderson v. Commissioner, supra, acknowledged its earlier holding in Shipley v. Commissioner, supra, that, in the absence of a receipt for certified mail, the taxpayer was precluded under section 7502 from introducing extrinsic evidence to prove that the postmark date affixed to the envelope bearing a petition filed with the Court was incorrect.

Although the circumstances leading to the late filed petition in this case are unfortunate, we note that the mailing of the petition on the 90th day raised "the spectre of possible timeliness problems" requiring a heightened degree of care in the mailing process. See Drake v. Commissioner, supra at 739. Moreover, although we lack jurisdiction in this case, petitioner is not without a remedy. In short, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the Federal District Court or the Court of Federal Claims. See id. at 739; McCormick v. Commissioner, 55 T.C. 138, 142 (1970). Consistent with the preceding discussion, we shall grant respondent's Motion to Dismiss for Lack of Jurisdiction.

To give effect to the foregoing,

<u>An order of dismissal for lack of jurisdiction will be entered</u>.